## NOAH S. DAY v. CONRAD SWACKHAMER.

In an action, brought by the assignee of the lessor against the lessee, to recover rent on a covenant in the lease, the defendant cannot show a breach by the original lessor of a parol agreement to make repairs, entered into subsequent to the making of the lease.

The liability of an assignee of a lease upon the covenants real annexed to the estate and running with the land, (under 1 Rev. Stat. 747, §§ 23, 24, 25,) extends only to covenants broken while he remains possessed of the estate. He is not chargeable for a breach of covenant which happened previous to the assignment.

In an action brought by the assignee of the lessor, against the lessee, to recover rent on a covenant in the lease, defendant offered to show that, during his occupancy, he did not have possession of a part of the demised premises; but this fact was coupled in the offer with an agreement by the lessor as to the allowance to be made for defendant's damages in that behalf.

*Held*, that, from the offer thus made, it appeared that the deprivation occurred during the defendant's occupancy under the original lessor, and that the evidence was properly excluded. The offer should have been, to show an exclusion since the assignment to the plaintiff.

APPEAL from a judgment of the District Court for the first judicial district. The action was brought to recover one quarter's rent of premises consisting of the second floor of a house, "with a privilege in the yard." These premises were hired by defendant from A. & S. H. Campbell. The details of the lease, which was under seal, are given in the opinion of the court. The Campbells assigned their lease to one Stevenson, and he to the plaintiff, who brought this action to recover for a quarter which commenced subsequent to the assignment to him.

On the trial, defendant offered to show that the yard was so out of repair that he could not use it—that the Campbells offered to repair it so that he could have the privilege in the yard stipulated in the lease; and that defendant took possession by reason

Day v. Swackhamer.

of this promise on the part of the Campbells, and the Campbells received rent on the condition that the yard should be repaired, and, if not repaired, two quarters of the rent should be deducted in case defendant continued to occupy during the whole lease.

The plaintiff objected to this evidence, and it was excluded.

Defendant then offered to prove that, during the time he occupied the premises, he did not have the privilege in the yard mentioned in the lease; and that it was agreed between the defendant and the Campbells, and before the Campbells' assignment of the lease to Stevenson, that all damages sustained by defendant, through his not having the privilege of the yard, should be deducted from the two quarters' rent last accruing under the lease; and that defendant sustained damage, by not having the privilege of the yard, to the amount of $200. The plaintiff objected to this unless it were shown by a written agreement under seal, and the objection was sustained.

The justice having rendered judgment for the plaintiff, the defendant appealed.

*H. D. Birdsall,* for the appellant.

*G. & T. Stevenson,* for the respondent.

By the Court, BRADY, J.—The defendant hired from A. & S. H. Campbell, on the 28th March, 1854, by agreement under seal, the second floor, including a small room at the head of the stairs, of the house known as 123 Chambers-street, in the city of New-York, with a privilege in the yard—the Campbells agreeing that the walls in the front and back rooms should have one coat of paint, and that the back windows should be straightened; and the defendant agreeing that he would make all other repairs or alterations at his own expense. The Campbells assigned the defendant's agreement to one George Stevenson, by assignment bearing date Sept. 16, 1854, and Stevenson assigned it to the plaintiff by assignment bearing date Dec. 2, 1856. The action was brought to recover for one quarter's rent of the premises due

*1st May*, 1857. On the trial, the defendant sought to establish a defence by showing breaches of agreements made when the Campbells and Stevenson held the lease, but not resting in covenant or in writing, and of which the plaintiff had no notice; and promises by them to indemnify him for damages sustained in consequence thereof.

The evidence of these facts was properly excluded by the court below. An assignee is bound by the covenants real annexed to the estate, and running with the land, (1 Rev. Stat. 747, §§ 23, 24, 25,) but his liability extends only to covenants broken while he remains possessed of the estate. *Armstrong* v. *Wheeler*, 9 Cow. R. 88; *Taylor* v. *Shum*, 1 B. & P. 21. He is not chargeable for a breach of covenant which happened previous to the assignment to him. *Church Wardens of St. Saviours Southwark* v. *Smith*, Burr. 1271; *Grescot* v. *Green*, 1 Salk. 199. The only covenants which appear in the agreement sued on, affecting the assignee, aside from the demise, are the agreements to paint, and the agreement to straighten the windows. The defendant covenanted to make all other repairs and alterations at his own expense. There is evidence on both sides conflicting in its character as to the performance of the covenant to straighten the windows, and the painting seems to have been done. On this branch of the case, therefore, there is nothing in the return which would warrant the interference of this court. The defendant must seek redress against the Campbells and Stevenson on their promises to indemnify, which in no way bind the plaintiff. There is, however, an offer to prove a fact, which, if it had been properly presented, and an exception to the ruling of the justice excluding it properly taken, would avail the defendant on this appeal.

He offered to show that, during the time he occupied the premises, he did not have the privilege in the yard granted by the demise, but it was coupled with an agreement between the Campbells and himself as to his allowance for damages sustained thereby, and the time when they should be deducted. From the offer thus made, it appears that the deprivation of the privilege in the

yard occurred during the time when the Campbells were his land lords, and not during the period that the plaintiff held the lease. It was therefore properly excluded by the justice. If the offer had been to show that the defendant had not had the privilege in the yard during the time which had elapsed from the assignment to the plaintiff, we cannot say but that the proof would have been admitted. The case shows no violation of any agreement by the plaintiff, or any offer to show any violation by him of any covenant or agreement he was bound to keep.

Judgment affirmed.