810 West End Avenue, Inc., Respondent, *v.* Louis Frankel, Appellant.

(Supreme Court, Appellate Term, First Department, May Term — Filed November, 1920.)

**Summary proceedings — rights of grantee as to rent owing previous owner — assignment — Code Civ. Pro. § 2674.**

> Section 2674 of the Code of Civil Procedure is an enactment of the rule of the common law that an assignment of the right to claim rent is a mere chose in action. (P. 340.)
>
> A grantee of land, as such, takes no cause of action against tenants in possession at the time of the grant, for any rent then past due. (P. 341.)
>
> Upon the execution of a lease on October 1, 1919, in which the landlord covenanted to do certain decorating, the tenant entered into possession of the premises, and he and the grantee of the premises agreed upon an offset of the November rent against part of the amount due the tenant for decorating, with the tacit understanding that the offsetting arrangement should continue until the rent accruals should equal the tenant's proper claim for reimbursement. Upon a further conveyance of the premises the grantor delivered to its grantee an assignment of the right to receive from the tenant the unpaid December rent. In summary proceedings to dispossess for non-payment of the rent for December and January, *held,* that the landlord's right to the December rent rested upon the assignment and not the right to demand payment of rent as rent, and a final order of dispossession for the rent of both months will be reversed unless the landlord stipulates that the order be amended so as to have the same apply only to the January rent.

Appeal by tenant from final order in summary proceedings in the Municipal Court of the city of New York, borough of Manhattan, fifth district, awarding possession to the landlord, entered upon the verdict of a jury directed by the court.

Feiner & Maass (Ira Skutch, of counsel), for appellant.

M. S. & I. S. Isaacs (Walter M. Weis, of counsel), for respondent.

MULLAN, J. Prior to October 1, 1919, the then owner leased the premises in question to this tenant, for a term of three years commencing on October 1, 1919, the lessor covenanting to do certain decorating. On October first the tenant entered into possession. On October third, the lessor conveyed the premises to Arrow Holding Company. It is, in effect, conceded that the grantee held itself bound to do the decorating, that it did not do it, and that the tenant did it at his own expense. The tenant and the Arrow Holding Company, in effect, agreed upon an offset of the November rent against part of the amount due the tenant for decorating, and apparently it was the tacit understanding of the tenant and the Arrow people that the offsetting arrangement should continue in operation until the rent accruals should equal the amount of the tenant's proper claim for reimbursement for decorating. On December 8, 1919, however, the Arrow Holding Company conveyed the property to the present landlord, delivering to it, at the same time, an assignment of the right to receive from the tenant the unpaid December rent. On January 14, 1920, the present landlord instituted summary proceedings for nonpayment of the rent for December and January, in the amount of $666.66, the agreed rent being $333.33 per month, payable in advance on the first day of each month. The tenant pleaded, as a complete bar, an offset of $666.66, part of a sum claimed by the tenant to be due him, of $2,070, made up of $1,800, the cost of decorating, and $270 damages for failure to deliver possession until October 11, 1919, less the sum of $333.33 allowed as in payment of the November rent. The learned trial justice took the

Appellate Term, First Department, November, 1920. [Vol. 113.

case from the jury by directing a verdict for the plaintiff, and made a final order of dispossession for nonpayment of " the rent," which manifestly means $666.66, the rent for December, 1919, and January, 1920, alleged in the petition to be due and unpaid.

I think the court was clearly right in respect of the January rent, but wrong in respect of the December rent. It seems to me to be very plain that when the covenant was performed by the tenant for the landlord, it ceased to exist as a covenant. The breach and the vicarious performance having occurred before the conveyance to this landlord, the covenant thereafter had no binding effect, as covenant, but served merely as the basis of an action for damages for the prior breach. *Grescot* v. *Green,* 1 Salk. 199; *Coffin* v. *Talman,* 8 N. Y. 465; *Day* v. *Swackhamer,* 2 Hilt. 4; *Hurley* v. *Brown,* 44 App. Div. 480; *Mann* v. *Munch Brewery,* 225 N. Y. 189; *Columbia University* v. *Rathbone,* 227 id. 560; Jones Landl. & Ten. (1906) § 334; Tiffany Landl. & Ten. (1910) 899, 900, 971; 15 C. J. 1241; *Dananberg* v. *Reinheimer,* 24 Misc. Rep. 712. The right of this landlord to the December rent rests upon the assignment to it of the right to claim that rent, and not upon the right to demand the payment of rent, as rent. Rent, technically speaking, is payable only to one who is landlord at the time the rent becomes payable and an assignment of the right to claim the rent transfers a mere chose in action. *Huerstel* v. *Lorillard,* 6 Robt. 260. That rule of the common law was enacted into statutory form by section 2674 of the Code of Civil Procedure, which provides that: "All rents reserved on any lease * * * shall be apportioned so that * * * on the determination by any other means of the interest of any such person * * * he * * * shall be entitled to a proportion of such rents * * * according to the time which shall have elapsed from

* * *  the last period of payment thereof,  * * *
but the persons liable to pay rents  * * *  shall not
be resorted to for such apportioned parts, but the en-
tire rent of which such apportioned parts form parts,
must be collected, and recovered by the person  * * *
who, but for this section  * * *  would have been
entitled to the entire rents.'' It would be difficult to
state more clearly that a grantee of land, as grantee,
takes no cause of action against the tenants in at the
time of the grant for any rent then past due. The
plaintiff, as a mere assignee of rent, could not, of
course, bring dispossess proceedings. It is equally
plain that it could not, as a grantee taking after the
rent became due, dispossess for a breach prior to the
grant. Are, then, these two complete disabilities,
when joined together, to be held to create an ability
and thus in effect date back the time of the plaintiff's
acquirement of the status of landlord? That would be
reaching an anomalous result, and only by straining.
It is true that in the only case I have found in which
the question was presented, an unreported decision by
McAdam, J., when he was on the bench of the Marine
Court (see 3 McAdam Landl. & Ten. [1910 ed.] 14)
that learned authority on the law of landlord and
tenant did reach the conclusion urged by the land-
lord here. But his reasoning is not stated, and it is
very evident that he overlooked section 2674 of the
Code of Civil Procedure. In any event, I am unable
to concur in the view he took.

The reference in section 223 of the Real Property
Law to assignees of rents was to assignees of rents
accruing after the grants therein referred to. Not
only does that sufficiently appear from the act itself,
and its history (see Fowler Real Prop. Law [3d ed.],
756 *et seq.*), but a different construction would render

nugatory the provision of section 2674 of the Code of Civil Procedure that I have quoted.

The final order was properly made except in respect of the amount of rent determined therein to be due. As the tenant may redeem, the final order should be amended so as to fix the amount due for rent as $333.33 for the month of January, 1920.

Final order reversed, with thirty dollars costs to appellant to abide the event, and new trial ordered unless within five days the landlord files a stipulation consenting to amend the final order by inserting after the word " rent " the words " for January 1920 to the amount of $333.33." If the stipulation is filed the final order is modified in accordance with the stipulation and as modified affirmed, with fifteen dollars costs to the landlord, with a stay of the warrant for five days.

BIJUR and WAGNER, JJ., concur.

Final order reversed, with costs to appellant to abide event.