321 COLUMBUS AVENUE CORPORATION, Plaintiff, *v.* ISIDOR LAZARUS, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, May 26, 1931.

*Hyman Gottlieb*, for the plaintiff.

*Samuel J. Stein*, for the defendant.

LEWIS, DAVID C., J. Orderly administration of the calendar practice should not permit a preference based on the theory of a party appearing in person, where subsequently and before the trial such appearance is succeeded by an appearance through an attorney.

However, aside from the question of calendar practice, the motion for judgment is again presented.

The amended answer does not set up any counterclaim, but instead four separate defenses — a first separate defense incorporating the contention of a failure of consideration based upon the

fact that the landlord failed to make certain decorations in and to the apartment, incorporating a further allegation of an offer to surrender; a second separate defense based upon the same allegations, alleging the depreciation in the value of the apartment, in which defense the defendant specifically states that a counterclaim under the head of this defense in this court would unjustly deprive this defendant of a substantial portion of his rights and remedies, and presenting a conditional offer on the part of the defendant to plead said facts as a counterclaim provided the action is removed to the Supreme Court; the third defense, consisting of a constructive eviction; and a fourth defense purporting to be a claim of fraudulent representation constructed out of an allegation that the landlord never intended to make the alterations and repairs and induced the defendant to enter into the agreement, falsely representing that such decorations would be made.

The tenant still remains in possession.

The facts alleged in the respective defenses do not constitute a defense to an action for rent as a matter of law. It is fundamental that the breach of a landlord's covenant to repair is not a defense, but that the tenant's remedy is to recover his damages by way of counterclaim to the action or by way of an independent action. In the case at bar, the defendant hints at his intention to institute an independent action in a court of larger jurisdiction than this one. This allegation, however, does not change the rule. (See *810 West End Avenue, Inc.*, v. *Frankel,* 113 Misc. 338; *Galland* v. *Shubert Theatrical Co.*, 105 id. 185; *Lutz* v. *Goldfine,* 72 id. 25; citing *Myers* v. *Burns,* 35 N. Y. 269; *Cook* v. *Soule,* 56 id. 420; *Kelsey* v. *Ward,* 38 id. 83.)

No evidentiary proof is before the court upon which a computation of any specific or substantial damage could be made. However, since the defendant elects to reserve the adjudication of any counterclaim which he may have for another jurisdiction, and apparently does not see fit to interpose it in this court in this case, there is no alternative presented but to grant the motion for judgment, allowing the defendant to pursue such remedies in another tribunal as there may be available and sustainable.

The motion for judgment is granted. Five days' stay after the service of a copy of the judgment with notice of entry.