MANQUEEN CORPORATION, Landlord, Appellant, *v.* G. ALBERT BAUMANN, Tenant, Respondent, and EUROPEAN MOTORS, INC., and Others, Undertenants, Respondents.

Supreme Court, Appellate Term, First Department, April 14, 1937.

*Myron Krieger*, for the motion.

*Joseph Zaretzki*, opposed.

PER CURIAM. The landlord brought summary proceedings to dispossess the tenant for non-payment of $2,000, February, 1937,

rent, also for non-payment of arrears of rent amounting to $6,981.44, made up of $2,000 January rent and prior arrears, to which the landlord became entitled by assignment.

Final order was rendered in favor of the landlord, such order containing the provision " warrant to issue on the 8th day of March, 1937, unless February rent is paid." The February rent, $2,000, together with costs, was paid into court and accepted by the landlord. The provision entitling the tenant to retain possession on payment of the February rent within the period specified was evidently based on the decision of this court in *810 West End Avenue, Inc., v. Frankel* (113 Misc. 338), that a landlord may not dispossess for non-payment of arrears of rent accruing prior to the date when he became the landlord of the premises.

Subsequently the landlord brought a proceeding for non-payment of $2,000, rent which became due March first, and, a final order having been rendered in favor of the landlord in that proceeding, the tenant paid into court the rent and costs, and the amount was withdrawn and accepted by the landlord.

Thereafter the landlord brought a proceeding against the tenant for holding over the term, claiming a limitation of the term upon breaches of certain covenants. That proceeding is apparently still pending.

Whether, in view of the 1924 amendment to the summary statute (Civ. Prac. Act, § 1425, as amd. by Laws of 1924, chap. 514) authorizing a judgment in favor of the landlord for the rent due, a landlord may now recover on claims for past-due rent assigned to him by a prior owner, it is unnecessary to decide. In this proceeding demanding possession for non-payment of the prior arrears and the February rent no judgment for rent was demanded; the landlord accepted the February rent, with costs, and, having recognized the continuance of the tenancy by bringing a proceeding for non-payment of the March rent, the issuance of a warrant in a proceeding based upon the non-payment of the February rent or any prior rent was barred; and the final order is in no respect an adjudication between the parties as to the amount of rent due.

In the circumstances, the landlord, having no grievance, the appeal must be dismissed, with ten dollars costs.

Present — LEVY, HAMMER and CALLAHAN, JJ.