PRINTERION REALTY CORPORATION, Landlord, Appellant, v. FISCHER-PARTELOW, INC., Tenant, Respondent, " JOHN DOE," Name Fictitious, etc., and Others, Undertenants.

Supreme Court, Appellate Term, First Department, April 8, 1938.

*Robert J. Farrington* [*Jerome S. Rosedale* of counsel], for the appellant.

*Moos, Nathan, Imbrey & Levine* [*S. Howard Imbrey* of counsel], for the respondent.

FRANKENTHALER, J. The petition alleges the leasing by the landlord to the tenant of part of a floor in the landlord's business building, the extension of said lease, and that on or about April 30, 1937, upon the expiration of the extended term, the landlord elected to hold the tenant as a monthly tenant at a monthly rental of $393.83; that the tenant failed to pay $70.81, balance of the rent for January, 1936, and the further sum of $8,708.26, being the rent for the month of February, 1936, and down to and including November, 1937, making a total indebtedness of $8,779.07, and possession and judgment for said sum are demanded.

The tenant pleaded general denial, payment except for November, 1937, also the landlord's agreement to accept reduced rental, and waiver and estoppel.

Beginning in or about August, 1932, the tenant defaulted in payment of the rent fixed in the lease, and payments made thereafter by the tenant were credited on the tenant's account. There was no reduction of the rent or waiver on the part of the landlord.

The trial judge granted a final order for the landlord and directed judgment for $393.83, the rent for the month of November, 1937.

The landlord appeals from the judgment as inadequate, and the tenant's counsel claims that the evidence sustains the finding of the trial judge that only the November, 1937, rent is due. But the testimony given on behalf of the tenant does not support any such finding; in fact, it sustains the landlord's demand.

Although the question whether in the circumstances the tenant may be dispossessed for non-payment of arrears of rent accruing under prior agreements is not raised by counsel, it must be passed upon in the determination of the appeal.

The tenant originally took possession on or about May 1, 1931, under a five-year lease, expiring April 30, 1936. The term was extended for an additional year, to April 30, 1937.

By letter dated April 30, 1937, the landlord notified the tenant that the extended lease expired April 30, 1937, and that the landlord elected to treat the tenant as a monthly tenant at the same monthly rent required to be paid by the terms of the lease. As before stated, the proceeding is brought for non-payment of the November, 1937, rent as well as the prior arrears.

In *People ex rel. Chrome Steel Co.* v. *Paulding* (22 Hun, 91) it was held that a tenant holding over several years after the expiration of its five-year tenancy continued to hold under the original demise and that summary proceedings for non-payment of rent for two or more years could be availed of by the landlord. But the case does not accord with the decision in *Kennedy* v. *City of New York* (196 N. Y. 19, 23) that " each holding over, where acquiesced in by the landlord, constitutes a new term, separate and distinct from those

which preceded it, and related to each other only in the conditions of the original lease which the law reads into the new tenancy." (See *Adams* v. *City of Cohoes*, 127 N. Y. 175; *Haynes* v. *Aldrich*, 133 id. 287.)

Subdivision 2 of section 1410 of the Civil Practice Act provides that a tenant may be dispossessed where he holds over without the consent of the landlord after a default in the payment of rent " pursuant to the agreement under which the demised premises are held."

After the expiration in this instance of the five-year lease, April 30, 1936, as extended to April 30, 1937, and the occupancy of the premises by the tenant as a monthly tenant, the landlord could not dispossess the tenant for non-payment of any rent which became due during the period of the prior lease as extended; dispossession could only be had for default in payment of rent due under the monthly tenancy; and the landlord electing to renew the monthly tenancy at the beginning of any month could not dispossess for non-payment of rent for the prior month. (Keogh, Landlord and Tenant, Summary Proceedings, 250.)

An analogous case is presented where there has been an assignment of arrears of rent by a prior to a subsequent landlord. A mere assignee of rent cannot maintain summary proceedings for non-payment of rent, and a landlord cannot dispossess on that ground under an assignment from a prior landlord. (*816 West End Avenue* v. *Frankel*, 113 Misc. 338.) The case cited, however, was decided prior to the 1924 amendment to section 1425 of the Civil Practice Act, authorizing the justice, where the precept contains a notice that demand is made in the petition for rent in arrears and the precept is served at least five days before the return day thereof, to determine the amount of rent due the petitioner and give judgment for the rent found to be due.

In the circumstances it would seem that the final order should determine the amount due for rent pursuant to the agreement under which the demised premises are held, award the petitioner possession of the property for non-payment of said sum, and direct judgment for all rent found to be due. (See *Manqueen Corp.* v. *Baumann*, 162 Misc. 602.)

Final order modified by providing that the petitioner is entitled to possession of the premises by reason of the default of the tenant in the payment of $395.33, the rent of the premises for November, 1937, and directing judgment for the petitioner against the tenant in the sum of $8,779.07, and as modified affirmed, with ten dollars costs to appellant.

LYDON and SHIENTAG, JJ., concur.