SAMUEL SIEGEL et al., as Trustees of the Estate of ABRAHAM SIEGEL, Deceased, Landlords, v. SIMON R. GOTTLIEB, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, February 11, 1947.

*Wise & Ottenberg* (*Samuel Rudy* of counsel), for landlords.

*George Feinberg* for tenant.

WAHL, J. This is a proceeding instituted by the landlord for nonpayment of rent in the sum of $125 for the month of January, 1947. The tenant maintains that the proper rent is $97.75, which amount was tendered to the landlord and refused.

The facts are undisputed, and, hence, there is merely a question of law to be determined.

The tenant, a podiatrist, rented from the landlord the office space at 136 East 60th Street, Borough of Manhattan, under a written lease for three years — 1943, 1944 and 1945. Under this lease, the rent on June 1, 1944, was $85 per month.

In November, 1945, a new lease was entered into between the same parties, for the same premises, beginning January 1, 1946, and expiring December 31, 1946, at a rental of $125 per month. With this lease there was executed a separate agreement con-

taining the necessary provisions of section 4 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1946, ch. 273), whereby the rent was fixed at $125 per month. The tenant did not cancel said agreement within sixty days from the date thereof as provided in said agreement and by law.

In December, 1946, the landlord sent to the tenant a notice advising the tenant that the lease, terminating on December 31, 1946, would not be renewed and no new lease would be given, and that the landlord considered the tenant " a statutory tenant " beginning January 1, 1947, and that a monthly rental of $125 would be charged. The tenant advised the landlord that he accepted the statutory tenancy, and tendered rent for the month of January, 1947, in the sum of $97.75, being $85 per month, which was the rent on June 1, 1944, plus 15%.

The sole question at issue is the duration of a reasonable rent agreement. The landlord, of course, contends that it is for the period of the emergency, and the tenant, in turn, argues that it is for the term of the lease only.

Nowhere in the section prescribing the method for determining reasonable rent is any consideration given to the period of the lease which the tenant in question proposes to enter into with the landlord.

Once the reasonable rent is fixed by the Supreme Court or by arbitration, that rent continues for the period of the emergency or until a new application is made to the Supreme Court to fix such reasonable rental. This new application would undoubtedly be based upon a change in conditions.

Section 4 provides, in addition to determining reasonable rent by the Supreme Court or by arbitration, a third method of making such determination. This method is as follows: " In lieu of the provisions contained elsewhere in this section for determining and fixing rent, the tenant and the landlord may fix a reasonable rent by written agreement, signed by both the tenant and the landlord, provided  *  *  *."

It is conceded in this case that the landlord and tenant have made a reasonable rent agreement in compliance with the terms of the statute. Accordingly, the third method of determining the reasonable rental which has been adopted in this case is just as effective, as between the parties herein, for fixing the reasonable rental of the premises in question as if such determination had been made by the Supreme Court or by arbitration.

Here again, as in the case of determination of reasonable rent by the Supreme Court or by arbitration, the reasonable rent fixed by the parties continues in force for the period of the

emergency or until such time as a new reasonable rent is fixed as provided by said section. The reasonable rent agreement fixes the reasonable rent of the premises irrespective of the *duration* of the lease that may be entered into between the parties. It therefore necessarily follows that notwithstanding the termination of the lease between the parties, the agreement for the reasonable rent continues.

This construction is borne out by other provisions of the statute. Thus, in a petition by the landlord to recover possession under section 6, he must allege that the rent charged is not greater than the emergency rent " or such greater rent therefor as may have been fixed pursuant to section four of this act ".

Section 7, in speaking of defenses in an action for excessive rent, states that it shall be a defense to a tenant that the rent is unjust, " unreasonable " and oppressive if such rent is in excess of the emergency rent " or any rent which may be fixed pursuant to section four of this act ". Further, this statute provides that any landlord who shall willfully demand or accept a rent in excess of the emergency rent, or a rent fixed pursuant to section 4 of this act, shall forfeit the succeeding month's rent. This again indicates that the rent which may be demanded or accepted during the emergency shall be the emergency rent or, if a reasonable rent has been fixed pursuant to section 4, then such reasonable rent.

The reasonable rent agreement in this matter having been made in accordance with section 4 of the Act, and not having been cancelled within sixty days, cannot be reviewed secondarily by the court. In *Roof Health Club* v. *Jamlee Hotel Corp.* (271 App. Div. 481) the Appellate Division of this department held (p. 484): " * * * we do not believe the law contemplates a judicial inquiry into the reasonableness of the rent fixed by the parties * * *. The tenant has the added protection against making a questionable agreement of having sixty days in which to withdraw from the agreement. * * * While a question of reasonableness would ordinarily be a triable issue, its determination under the emergency rent law is by whomever the parties elect for the purpose, either arbitrators, the court *or* the parties themselves. The law, in our opinion, never intended a secondary court review of the reasonableness of rent fixed by the parties themselves in a firm agreement." (See, also, *Benenson Realty Co.* v. *Anderson,* Municipal Court, Borough of Manhattan, Dec. 4, 1946, LEWIS, J.)

The tenant contends that if the rent agreement is not to be construed for the period of the lease, landlords would thereby

obtain benefits in addition to what the present statute provides. If a further increase in the rent is allowed, under the landlord's contention, this increase would be the percentage above the rent now asked. Therefore, if a further increase of 10% is allowed, under the landlord's provision, the rent would be $137.50 per month, whereas if the rent of June 1, 1944, is the standard, the rent would be $106.25 per month on this same additional 10% basis. Thus it could be seen that, instead of an additional 25%, the landlord would be getting an increase of greater percentage. This may be true, but the parties hereto voluntarily agreed upon this method of determining the reasonable rent. Every statute may be so utilized that it can be productive of some unfairness, but we are dealing with humans — legislators — who, we are told, are not infallible. The attorney for the tenant intimated, during the trial, that if the tenant had obtained the benefit of legal advice, the tenant would not be in this dilemma. This fact merely adds force to the truism that " he who is his own lawyer has a fool for a client ".

There is nothing in the statute to justify the tenant's contention that reasonable rent for business space may vary, depending upon the terms of a particular lease. Once that reasonable rent is fixed by agreement of the parties, it is just as effective and binding as if fixed by the Supreme Court or by arbitration. Until a new determination of reasonable rent is made, the old determination continues in force. However, the reasonable rent fixed by agreement of the parties would not be binding upon a new tenant of the premises, since such agreement is merely a personal one and does not bind anyone but the parties to the agreement. Therefore the landlord may recover possession as long as he does not demand more than the reasonable rent as determined under section 4, and the tenant has no defense to the action if he is paying no more than the reasonable rent as determined by that section. The fact that the lease has expired and the tenant holds over as a " statutory tenant " does not affect the rights of the landlord in this case.

Final order is made herewith in favor of the landlord, awarding possession of the premises to said landlord. Issuance of warrant stayed for five days from the date hereof. Judgment is rendered in favor of the landlord in the sum of $125, representing the amount of the reasonable rent heretofore agreed upon between the parties under the written agreement.