In the Matter of LONG ACRE PROPERTIES, INC., Petitioner.
K & K HAT Co., INC., et al., Respondents.

Supreme Court, Special Term, New York County, March 30, 1948.

*Zane & Lippner* for petitioner.

*E. Stanley Marks* for respondents.

McNALLY, J.  This is a proceeding under chapters 3 and 314 of the Laws of 1945 (as amd.) to determine the reasonable rent with respect to premises 60–62 West 36th Street, borough of Manhattan, city and State of New York.  On or about January 18, 1947, the petitioner caused to be forwarded to each of the respondents the following letter (the amount of rent specified is different in the case of each tenant):

" Gentlemen:

On behalf of the owners and landlords of the above premises, we advise you that the lease under which you are now occupying the above premises will terminate on the 31st day of January, 1947, and that the same will not be renewed.  Your failure to surrender possession of said premises on that date is not to be deemed or construed to be a renewal of your lease for any term whatsoever.  Holding over by you will constitute you a tenant from month to month only, upon all the terms, covenants and conditions of your present lease excepting as to the rental, and on and after the first day of February, 1947 your rent for the above premises shall be THREE HUNDRED EIGHTY-THREE and 32/100 ($383.32) DOLLARS per month, which is the emergency rental for the space under the New York State Law, payable in advance.  Your continuance in possession of the premises after the expiration date of your lease will be deemed an assent by you to remain as a monthly tenant upon such terms, and an agreement by you to pay the said monthly rent.

Very truly yours ".

On and prior to January 18, 1947, the respondents were in possession under leases which terminated January 31, 1947. The petitioner's proposal set out above was accepted by the respondents, who continued in possession in accordance with the terms therein set forth.  This proceeding was instituted in March, 1947.  On or about December 17, 1947, the petitioner sold the premises.

The respondents advance the following objections preliminarily: (1) the proceeding abated by reason of the petitioner's said conveyance and (2) the statutes underlying this proceeding have no application to the tenancies here involved.

Normally rents are fixed by agreement of the parties.  The statutes here involved were intended to relieve hardships incident to the acute shortage of commercial and business space. The Legislature has determined that " Unjust, unreasonable and oppressive leases and agreements for the payment of rent "

are being " exacted by landlords * * * under stress of prevailing conditions " (L. 1945, chs. 3, 314, § 1). Accordingly, the emergency statutes were enacted. Thereby the landlord's right to fix rent is regulated and he is granted emergency rent as in said statutes defined and, in addition, the right to apply for a determination of reasonable rent (L. 1945, chs. 3, 314, § 4, as amd.). The aggregate of the said statutory rights represent the *quid pro quo* for the limitation placed upon the landlord's right to fix rent. Acceptance of the emergency rent by express provision does not operate as a waiver of the right to secure reasonable rent. (L. 1945, chs. 314, 315, § 3, as amd.).

Rent is payable to the one who is the landlord at the time the rent becomes due and payable. The landlord's grantee succeeds to past-due rent only by express assignment thereof. The conveyance carries with it only after-accruing rents (*810 West End Ave., Inc.,* v. *Frankel,* 113 Misc. 338). The petitioner's conveyance of the premises herein did not affect its right, if any, to the reasonable rent herein sought (*Matter of Roman Catholic Church, 515 West 54th St.,* Sup. Ct., N. Y. Co., N. Y. L. J., Dec. 11, 1947, p. 1705, col. 6).

Month-to-month tenancies resulted from the petitioner's proposal of January 18, 1947, and the conduct of the parties subsequent thereto. Such tenancies require thirty days' notice for termination thereof (Real Property Law, § 232-a).

The emergency statutes here involved provide (L. 1945, chs. 314, 315, § 5, as amd.) :

" Nothing contained in this act shall authorize a landlord to seek, demand or receive increased rent * * * under any lease or rental agreement made [on or after January 24, 1945, as to commercial rents, or after March 28, 1945, as to business rents] wherein the rent reserved is less than the emergency rent."

The emergency statutes were enacted to prevent oppressive agreements for payment of rent. It was not the purpose of the Legislature to disturb agreements which were not oppressive. An agreement which makes provision for not more than the emergency rent is not oppressive within the contemplation of the Legislature and the statutes. The portions of section 5 (*supra*) clearly exclude agreements such as are here involved, made after the effective dates in said statutes specified. It may be claimed that the sections involved, literally construed, have reference to agreements providing for less than the emergency rent and have no application to agreements which make provision for the equivalent of the emergency rent. If that be so, the same

result, nevertheless, obtains, for in that case the statutes have omitted to make provision therefor and the agreement of the parties must be observed.

Judgment for the respondents. Settle findings and conclusions in conformity herewith.