P & R REALTY CORP., Landlord, *v.* MACK HAGEL et al., Tenants.

Municipal Court of the City of New York, Borough of Manhattan, May 10, 1948.

*Paul R. Shaw* for landlord.

*Francis Finkelhor* for tenants.

WAHL, J. This summary proceeding was instituted to dispossess the tenants from a loft in 29 West 17th Street, New

York City, for nonpayment of March and April, 1948, rent. The amount of rent reserved under the lease is $1,600 per annum payable at the rate of $133.33 monthly, plus $1.50 per month for sprinkler charge. The total amount in arrears is $269.66.

The emergency rent for the premises herein, based upon the rent payable on March 1, 1943, of $960 plus 15%, is $1,104 per annum or $92 per month, plus sprinkler charge of $1.50 monthly.

The parties, on January 17, 1946, entered into an agreement pursuant to section 4 of chapter 3 of the Laws of 1945, as amended, fixing the rent in the sum of $1,400 per annum, or $116.66 per month. On the same date, the parties entered into a lease for two years from February 1, 1946, to January 31, 1948, at that new rental plus the sprinkler charge. This lease was fully performed by both sides.

On October 23, 1947, the parties again entered into an agreement fixing the rent, this time to $1,600 per annum, or $133.33 per month. On the same date, the parties entered into a lease for two years from February 1, 1948, to January 31, 1950, at that new rental plus the sprinkler charge.

The tenants paid the rent for the month of February, 1948, in the sum of $133.33 plus the sprinkler charge.

On March 1, 1948, the tenants gave a notice purporting to cancel the lease. This was rejected by the landlord as being too late. Thereafter the tenants tendered $93.50 in payment of March, 1948, rent at the original emergency rate of $92 plus $1.50 sprinkler charge. This was rejected by the landlord as too little.

The agreement of October 23, 1947, contains a provision reading as follows: "That the sum of $1,600.00 per annum, from February 1, 1948 is hereby fixed as the reasonable rent for said premises so occupied by the Tenant, and further, that within 60 days after the effective date of this agreement, the Tenant may cancel such agreement by notice to the Landlord by registered mail, enclosed in a securely sealed postpaid wrapper, addressed to the Landlord c/o L. V. Hoffman & Co., Inc., 62 West 45th Street, Borough of Manhattan, New York City, and requiring a return receipt."

There are two issues presented to the court:

(1) Must the notice of cancellation be served within sixty days of October 23, 1947, the date of execution of the agreement, or within sixty days of February 1, 1948, the date of commencement of the term of the lease made at the new rental?

(2) If the notice was given in time, does the rent revert to the annual sum of $1,400 fixed in the last agreement on Jan-

uary 17, 1946, and the lease made on that same date, or is that agreement to be disregarded and the rent reverted to the original rent payable on March 1, 1943, plus 15%, totaling $1,104?

The effective date of the October 23, 1947, agreement was the date it was signed and exchanged with the intention that it should become a binding agreement, and the sixty-day period during which it could be cancelled expired on December 22, 1947.

To say that the effective date of an agreement is not the date when it became a valid and binding agreement, but rather is the date when one or the other of the parties is to perform an act or to make a payment, is to say that an agreement is not an agreement until one of the parties defaults in performance. No agreement could therefor be made with confidence.

It is, however, a well-established rule of real property law that all rights of the parties are established and become effective, as between themselves, when the instrument of lease is signed by the lessor and delivered to the lessee, or is signed by both in each other's presence. All rights and liabilities of the tenant are established at that time, although possession may be postponed or given on a future date. I am not aware of any case that holds a lease becomes effective only upon taking possession by the tenant, but there are cases, too numerous to mention, that hold to the contrary; for how else will a landlord be able to charge a tenant who never takes possession with liability unless it is because the lease became effective upon execution.

It is true that the statute permits the tenant to cancel the agreement within sixty days; but as this is a statutory provision in derogation of the common law, it must be strictly construed. The period cannot be lengthened by even one day. In *Roof Health Club* v. *Jamlee Hotel Corp.* (271 App. Div. 481, 484) the court stated, " The tenant has the added protection against making a questionable agreement of having sixty days in which to withdraw from the agreement." This does not mean four months and eight days.

The intention of the Legislature can be determined from the 1948 amendment to the law and the explanation given by the Joint Legislative Committee to Study Rents in its report recommending the amendment (N. Y. Legis. Doc., 1948, No. 47).

Section 4 of the Commercial Rent Law, as amended: — " (b) that such written agreement contains a statement setting forth: * * * (iii) a statement that the tenant, within sixty days after the date of the execution of such agreement, may cancel such agreement * * *."

The above-amended section shows a change from " the effective date " to " the date of the execution ". This was not a substantive change but simply a clarification. (See Report of the New York State Joint Legislative Committee to Study Rents, dated March 8, 1948.)

Under Amendments — Commercial Laws (p. 13), the committee says: " Some amendments to the Laws are in the nature of refinements and clarifications. The first substantive amendment is proposed to be made to section 4 ". The report proceeds to discuss a number of substantive amendments, including amendments to this very section. No mention is made of this amendment. It is to be presumed that the committee did not consider this amendment to be substantive, but rather within its own definition of being in the nature of " refinements and clarifications."

The case of *Matter of Long Acre Properties (K & K Hat Co.)* (191 Misc. 429), cited by the tenants as authority for their position, has no bearing, since it holds that there was an express agreement existing which estopped the landlord from seeking reasonable rent.

Even if I were to hold that the agreement and lease of October 23, 1947, be held to have been cancelled in time, the rent must revert to the rent fixed by the last previous agreement on January 17, 1946, in the sum of $1,400 per annum. (*Siegel* v. *Gottlieb*, 188 Misc. 238; *Benenson Realty Co.* v. *Anderson*, 69 N. Y. S. 2d 300.)

The 1948 amendments to the law (L. 1948, ch. 676) include a sentence added to section 4, reading as follows: " The rent fixed by arbitration or by the supreme court or the rent reserved or payable under any such written agreement shall be the emergency rent for such space until and unless a new rent shall be fixed by arbitration or the supreme court or the tenant or a successor tenant and the landlord shall make a new agreement." This amendment is explained by the Joint Legislative Committee to be intended only to resolve any doubts now existing, not to create new law.

" The second such amendment relates to the uncertainty which now exists of the amount of emergency rent to be charged a tenant after the termination of an agreement or by arbitration or by the Supreme Court made pursuant to section 4. This amendment resolves any doubt by stating that the emergency rent for the space affected thereafter shall be the last rent reserved or payable under any such agreement or by virtue of an arbitration or as fixed by the court." (Report

of the New York State Joint Legislative Committee to Study Rents, N. Y. Legis. Doc., 1948, p. 14.)

The Legislature has, therefore, specifically stated that it was merely enacting what it always intended. It merely confirms my ruling in *Siegel* v. *Gottlieb* (*supra*).

I hold as a matter of law that the purported cancellation was not timely, and a final order is granted to the landlord and the judgment will be entered in favor of the landlord for the sum of $269.66. Five days' stay.