JOSEPH F. KRIKAWA, as Executor of FRANK KRIKAWA, Deceased, Plaintiff, *v.* JOHN McGLONE et al., Defendants.

Municipal Court of the City of New York, Borough of Queens, January 22, 1953.

*Eric James Trculich* and *Solomon Zuckerman* for plaintiff.

*Joseph Maslon* for defendants.

MORRIS, J. This action is for additional rental of $5 for each month commencing May 1, 1950, totaling $125. An application was filed by the plaintiff as landlord January 19, 1952, for increase of maximum rent (increased services and facilities) alleging in the application that the maximum rent for the housing accommodations is $45 and requesting rent for the housing accommodations of $75 per month. Based on such application and the facts presented to the local rent administrator an order was signed May 19, 1952, determining facts or fixing maximum rent pursuant to subdivision (a) of section 36 of the State Rent and Eviction Regulations, effective March 15, 1951, as amended pursuant to chapter 443 of the Laws of 1951, stating '' that the rent on May 1, 1950, was $50 per month which amount is the maximum rent for the housing accommodations.''

The premises involved is the ground floor of a two-family house and until occupied by the tenant in 1944 was owner-occupied and had never been registered until December 15, 1951. The rent paid from 1944 up to and including January, 1952, and accepted by the landlord was $45 per month. Since June 1, 1952, the rent paid by the defendant was $50 per month. Subdivision (a) of section 36 of the regulations provides:

'' Section 36. Orders where the maximum rent or other facts are in dispute, in doubt, or not known, or where maximum rent must be fixed.

'' (a) Where the maximum rent or any fact necessary to the determination of the maximum rent, or the dwelling place, essential services, furniture, furnishings or equipment required to be provided with the accommodations, is in dispute between the landlord and the tenant, or is in doubt, or is not known, the Administrator at any time upon written request of either

party, or on his own initiative, may issue an order determining the facts including the amount of the maximum rent, the dwelling space, essential services, furniture, furnishings and equipment, required to be provided with the accommodations. Such order shall determine such facts or establish the maximum rent as of May 1, 1950, or the date of first renting, whichever is later."

Under subdivision (b) of section 36 (*supra*) the administrator may issue an order establishing the maximum rent by decreasing the previous maximum rent as of May 1, 1950, or of the date of the decrease of essential services, etc., whichever is later.

A protest was made by the defendant to the State Rent Administrator from the order of May 19, 1952, and the issue presented by the protest was: " Does the order of the Local Rent Administrator properly determine the maximum rent? " This protest was denied. The application made by the landlord for an increase in rent was based upon the allegation that services and equipment were increased prior to March 1, 1950. The defendant, as the tenant in the proceedings before the local rent administrator disputed the various increases in services. The record before the local rent administrator discloses that his determination is based on the first rent charged for the subject apartment plus the value of the increased services provided since that first rent.

However, the rental agreement between the parties provided for a monthly rental of $45 per month. No change was suggested until the application was made for an increase in maximum rent on January 19, 1952. The fact that the maximum rent was fixed in the order of May 19, 1952, as of May 1, 1950, at $50 per month cannot change or affect the rental agreement existing prior to the order of the local rent administrator. Any such order of the rent administrator does not tell anyone to pay anyone anything. All such an order can do is to establish a fact, *id est*, that the maximum rent as of May 1, 1950, is $50. It merely determines the maximum rent as of a certain date which could have been collected if the landlord elected to collect it. Even after the date of the order, May 19, 1952, there is nothing in the law which states the landlord must take the maximum rent as fixed. It does not and cannot make any such maximum rent retroactive. The order can only be effective from the next rent due date after the date of the order.

Judgment for defendant dismissing the complaint on the merits.