Maurice Wahl, J.
This is a summary proceeding to recover for nonpayment of rent, the corrected rent for the months of May, June and July, 1959 at $130.09 per month, and the difference between the rent erroneously fixed and the rent correctly fixed for a period of 72 months at $15.09 per month, amounting to the sum of $1,086.48, a total of $1,476.75. The defense is a general denial and payment.
On September 17, 1952 the Temporary State Housing Bent Commission issued an order determining the rent on May 1, 1953 of the existing tenant to be $109.50. On May 1,1953 a 15% *779 statutory increase became effective (State Residential Rent Law, § 4, subd. 3-a). On December 6, 1955 the landlord filed an application for an increase in the maximum rent and stated in said application that the maximum rent for the housing accommodations is $109.50.
On July 12, 1956 the landlord filed an application for an increase in the maximum rent, stating that the maximum rent was $113.00. On March 20,1959, the Temporary State Housing Rent Commission found that the order entered on September 17, 1952 should be modified and issued an order modifying the order of September 17,1952.
It is conceded that the tenant paid all the rents demanded by the landlord until May, 1959 and the landlord accepted such rents.
The issue to be determined concerns itself with, as to whether the landlord can recover a balance due on each monthly rental for a seven-year period, based upon an order of the local office of the Temporary State Housing Rent Commission issued on March 20, 1959, modifying or attempting to modify an order dated September 17, 1952. In addition, a final order is sought herein for nonpayment of the rent for the months of May, June and July, 1959 at $130.09 per month.
It is clear that a landlord may not institute summary proceedings for moneys due when the landlord had accepted a part payment of rent for prior months, even though he had not agreed to forgive the indebtedness. In Earl Holding Corp. v. Glicker (199 Misc. 223) the court decided that under a lease upon a month to month tenancy requiring payment of a stated monthly rental in advance on the first day of each month, each new month constituted a new term and the landlord electing to renew the monthly tenancy at the beginning of any month, could not dispossess for nonpayment of rent for prior months. (See, also, Printerion Realty Corp. v. Fischer-Partelow 167 Misc. 452.)
In the court’s opinion, that portion of the relief demanded in the petition seeking retroactive rent is denied and the petition to that extent is dismissed (Eldora Realty Corp. v. Dean, 6 Misc 2d 222; Krikawa v. McGlone, 203 Misc. 6). However, this determination is without prejudice to the petitioner’s right to take such action as it may be advised.
Final order may be entered forthwith in favor of the landlord for nonpayment of rent in the sum of $390.27 for the months of May, June and July, 1959 at $130.09 per month.
Ten days’ stay.