OPINION OF THE COURT
William D. Friedmann, J.
A motion to dismiss is considered in the context of a summary nonpayment proceeding. Landlord sought to recover unpaid rent, under a prior terminated lease, for the period February 1, 1981 to November 1, 1981. There was no allegation that tenant was in default under its current lease.
CONTENTIONS OF PARTIES
In support of its motion to dismiss tenant contends, that the petition, among other grounds, does not give this court jurisdiction in that it should have been brought as a plenary or action at law and not as a summary proceeding. Landlord counters through general argument, that this controversy is strictly a “Landlord and Tenant” dispute, and that therefore “This Court and only this Court has jurisdiction over this matter”. Landlord concludes that this matter should not be forced into the Supreme Court, where protracted discovery and other tactics could unnecessarily delay the case.
THE LAW
Although petitioners’ claim arises out of an existing landlord and tenant relationship (where the prior and *235 effected tenancy was created, in part, through actions of this court), this doesn’t automatically entitle a landlord to bring a summary proceeding in the Housing Part of the New York City Civil Court (CCA, art 1, § 110).
A summary proceeding based upon either a holdover tenancy or occupancy or nonpayment of rent is a statutory remedy (RPAPL art 7 [summary proceeding to recover possession of real property]). The statute is designed to adjudicate certain issues where a landlord-tenant relationship is claimed to exist (RPAPL 701, 711) or not to exist (RPAPL 701, 713).
However, it is clearly not available to adjudicate any and all controversies which can grow out of a landlord and tenant relationship both past and present (RPAPL 711). In determining when a particular controversy falls under article 7 the core objective of the statute must be recalled. The purpose of a summary proceeding being the speedy and expeditious disposition of conflicting claims to the immediate “possession” of real estate (Allyn v Markowitz, 83 Misc 2d 250; Great Park Corp. v Goldberger, 41 Misc 2d 988, 989). When the desired purpose of a claim is the determination of other matters such as ownership or title to real estate, the use of summary proceedings is not sanctioned. (Grinnell v Kowarc, 50 AD2d 1070; Porter v Newton, 141 Misc 760.)
In this State the rule has long been followed that a landlord cannot use the statutory remedy of summary proceedings to collect back rent. (Wasservogel v Becker, 191 Misc 599, sub nom. Wasservogel v Meyerowitz, 275 App Div 387, mod on other grounds 300 NY 125; City of New York v Betancourt, 79 Misc 2d 907; Printerion Realty Corp. v Fischer-Partelow, Inc., 167 Misc 452; Getty Realty Corp. v 2 East 61st St. Corp., 171 Misc 101.)
For cases emphasizing that a summary proceeding cannot be maintained when money and not possession is the issue, see, for example, Nerak Realty Corp. v Cargo Packers (17 Misc 2d 930 [App Term, 2d Dept]), Radlog Realty Corp. v Geiger (254 App Div 353), and First Nat. City Bank v Wall St. Leasing Corp. (80 Misc 2d 707).
*236 CONCLUSION
Because of the amount of past due rent involved, this action cannot be retained in this court (CCA, art 2 [jurisdiction]). Therefore, this action is transferred to the Supreme Court, Queens County, upon the payment of the appropriate fees (NY Const, art VI, §§ 15, 19, subds f, h). All pleadings and papers are deemed to remain as the file therein. This court recommends that any desired discovery or pretrial motions be made and/or completed within 45 days of transfer and docketing in the Supreme Court.