OPINION OF THE COURT
Jasen, J.
The specific issue raised on this appeal is whether a complaint which alleges a breach of a written lease, yet explicitly concedes that such lease was never delivered, states a cause of action.
Plaintiff, 219 Broadway Corp., alleges that its representatives and those of defendant, Alexander’s, Inc., conducted extensive negotiations between August, 1974 and June, 1975 with the expectation that mutually acceptable terms could be reached concerning the leasing of certain premises by defendant, as lessor, to plaintiff, as lessee. Plaintiff planned to utilize this property, located on Broadway between 219th Street and 220th Street in New York City, as a parking lot.
As a result of the negotiations, an agreement was reached as to the terms of the lease and an instrument was drafted which provided for plaintiff to lease the subject premises from defendant for a 10-year term at an annual rental rate of $6,000 for the initial five years and $6,600 for the remaining five years. The lease and an accompanying memorandum for recording were duly signed by the plaintiff on June 25, 1975, and thereafter forwarded to the attorneys for the defendant. Plaintiff alleges, upon information and belief, that "subsequent thereto, the defendant executed the said lease and memorandum thereof but refused and still refuses to deliver the said lease to the plaintiff.”
In August, 1975, the attorneys for the defendant informed the plaintiff’s attorneys that the defendant had leased the premises to a third party. Plaintiff, learning of this turn of events, commenced this action by service of a summons and complaint in which it seeks specific performance of the lease, or, in the alternative, money damages resulting from its breach. Defendant moved to dismiss the complaint on the *509 ground that it failed to state a cause of action. (CPLR 3211, subd [a], par 7.) Special Term denied defendant’s motion, reasoning that "the signatures of [the] lessor and lessee are sufficient to validate a lease.” The Appellate Division unanimously reversed, holding, inter alia, that absent delivery, a lease is ineffective. An appeal to this court ensued from the order of the Appellate Division. There should be an affirmance.
Initially, we note the procedural posture in which this case comes before us. The sole question presented for our review is whether the plaintiff’s complaint states a cause of action. As such, we accept, as we must, each and every allegation forwarded by the plaintiff without expressing any opinion as to the plaintiff’s ability ultimately to establish the truth of these averments before the trier of the facts. (See, e.g., Becker v Schwartz, 46 NY2d 401, 408; Cohn v Lionel Corp., 21 NY2d 559, 562; Kober v Kober, 16 NY2d 191, 193.) If we find that the plaintiff is entitled to a recovery upon any reasonable view of the stated facts, our judicial inquiry is complete and we must, declare the plaintiff’s complaint to be legally sufficient. (See, e.g., Dulberg v Mock, 1 NY2d 54, 56; Condon v Associated Hosp. Serv. of N. Y., 287 NY 411, 414.)
In addressing the issue presented, we take cognizance of the hybrid nature of a lease. Only recently we have noted that "a lease, especially a modern lease, is generally more than a simple conveyance of an interest in land for a fixed period of time. Typically it is also a contract which requires the parties, particularly the tenant, to fulfill certain obligations while the lease is in effect.” (Geraci v Jenrette, 41 NY2d 660, 665.) Thus, it can be said, and we would be remiss not to recognize, that a lease achieves two ends, to wit: the conveyance of an estate in real property from lessor to lessee, and the delineation of the parties’ rights and obligations pursuant thereto.
Plaintiff, seizing upon this judicial acknowledgment of the dual function of a lease, would argue that the validity of the instrument, as a conveyance of an estate in land, should be governed by what are said to be contract principles. Since it is alleged in plaintiff’s complaint that the lease and the accompanying memorandum for recording were duly "executed” by both the plaintiff and the defendant, plaintiff contends that it has adequately demonstrated, at the pleading stage, its right to demand specific performance, or, in the alternative, to recover money damages. Specifically, plaintiff *510 cites compliance with section 5-703 of the General Obligations Law to bolster its position.* Inasmuch as that provision imposes no requirement that a lease be delivered to take effect, plaintiff asserts that the lease, and all rights and obligations of the parties thereunder, became fully binding once the instrument was duly signed by the defendant. With this contention, we cannot agree.
By its very terms, section 5-703 of the General Obligations Law speaks only to the requirement that conveyances and contracts concerning real property be memorialized in writing. Nowhere does the statute provide, or its language even remotely suggest, that its provisions were intended to supplant the traditional prerequisites for the conveyance of an interest in real property. In the absence of such legislative directive, the issue posed on this appeal, namely whether a lease must be delivered to take effect, must be resolved by application of time-weathered principles of real property law. (Cf. Kahn v Kahn, 43 NY2d 203, 209.)
Plaintiff’s reliance upon our holding in Geraci v Jenrette (41 NY2d 660, supra) to support its contention that a lease can be enforced against the party sought to be charged once facts sufficient to demonstrate compliance with section 5-703 of the *511 General Obligations Law are alleged is misplaced. Our holding in Geraci was limited to a determination of whether a lease is, or is not, a contract within the Statute of Frauds (General Obligations Law, § 5-703, subd 2). In view of our disposition that it was, it became unnecessary to consider the further issue of whether parties who have signed a lease could be bound by its terms, absent a showing of delivery.
While, as previously noted, a lease is often chameleonic in both character and function, its fundamental purpose remains to serve as a vehicle for the conveyance of an interest in real property. Until this end is achieved, any rights or obligations of the parties which may be embodied in the lease remain dormant. Thus, the threshold inquiry in this case becomes whether, under the facts alleged, the lease served to convey an estate in real property from the defendant to the plaintiff.
A lease, as in the case of conveyances of an interest in land generally, requires the fulfillment by the parties of certain prerequisites to take effect. It is the well-established rule in this State that delivery is one such requirement, the absence of which, without more, renders the lease ineffective. (E.g., Whitford v Laidler, 94 NY 145, 151-152; Witthaus v Starin, 12 Daly 226, 228; P & R Realty Corp. v Hagel, 191 Misc 732, 734; 425 E. 86th St. Corp. v Worms, 145 Misc 598, 599; 1 Rasch, New York Landlord and Tenant [2d ed], § 18; 33 NY Jur, Landlord and Tenant, § 25; see, e.g., Darob Holding Co. v House of Pile Fabrics, 62 Misc 2d 899, 900; 59 Madison Ave. Corp. v Bauer, 15 Misc 2d 780, 781.) The requirement that a lease be delivered to be effective as a conveyance of an interest in land is not peculiar to this State alone, but is ingrained in the common-law principles of real property in many States. (See, e.g., Stetson v Briggs, 114 Cal 511; Roberts v Cyr, 136 Me 39; Scroggins v Roper, 548 SW2d 779 [Tex]; see, generally, 3 Thompson, Real Property [1959 ed], § 1059; 4 Tiffany, Real Property [3d ed], § 1033; 49 Am Jur 2d, Landlord and Tenant, § 35.)
The underlying justification for viewing delivery as fundamental to the conveyance of an interest in land is not grounded in the blind application of what some may consider archaic principles of property law. On the contrary, delivery serves a very practical end. It is a common practice in the contemporary business world for parties to draft and sign instruments of conveyance prior to the time at which they intend their contemplated transaction to become irrevocable. *512 By requiring delivery, the law facilitates the true expectations of the parties by ensuring that the interest in the property is not conveyed until that moment when the parties so intend.
Inasmuch as delivery is required for a lease to take effect and being concerned, as we are, with the legal sufficiency of the plaintiff’s complaint, we proceed to an examination of plaintiff’s allegations bearing upon the issue of delivery. Plaintiff’s sole allegation in this regard is that a written lease and memorandum for recording were duly "executed” by it and, after being forwarded, were subsequently "executed” by the defendant. Plaintiff concedes that the defendant never returned the written lease. In light of these bare assertions, we now hold that the plaintiff has failed to state a cause of action for which recovery can be sought. Since plaintiff did not allege a delivery of the lease — indeed, it alleged nondelivery — it may not now be heard to seek enforcement of a written lease which, as a matter of law, never became effective.
In determining whether pleaded allegations are sufficient to allege a delivery, we recognize that the concept of delivery is not given to precise definition or controlled by fixed formalities. It can be said, however, with as much certainty as this sometimes elusive concept permits, that a delivery of a lease so as to give it effect requires acts or words or both acts and words which clearly manifest that it is the intent of the parties that an interest in the land is, in fact, being conveyed to the lessee. (See, generally, 1 Rasch, New York Landlord and Tenant [2d ed], § 18; 3 Thompson, Real Property [1959 ed], § 1059; cf. Ten Eyck v Whitbeck, 156 NY 341, 352; Bianco v Furia, 41 Misc 2d 292; 15 NY Jur, Deeds, § 47.)
The due signature of the lease instrument is but one step in the process of conveying an interest in land. Delivery requires something more. There must be evidence of an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed. The mere signing of the instrument by parties not in the presence of each other, without more, does not evince such intent. (See Whitford v Laidler, 94 NY 145, 151-152, supra; P & R Realty Corp. v Hagel, 191 Misc 732, 734, supra; cf. Marden v Dorthy, 160 NY 39, 49.)
In reaching the conclusion that we do, we observe, as did the Appellate Division, that the "complaint does not allege breach by [defendant] of an executory contract to enter into a lease for the parking lot.” (61 AD2d 917.) Accordingly, we do not reach the question whether, had there been such an *513 allegation, the complaint should have been dismissed. Nor do we reach or consider the broad question whether, and in what circumstances, signature alone will suffice to create an enforceable contract.
In sum, we hold that a plaintiff must plead allegations sufficient to allege a delivery to state a cause of action for a breach of a written lease. On the record before us, plaintiff has failed to do so.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Jasen.
Order affirmed.

 Section 5-703 of the General Obligations Law provides:
"1. An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing. But this subdivision does not affect the power of a testator in the disposition of his real property by will; nor prevent any trust from arising or being extinguished by implication or operation of law, nor any declaration of trust from being proved by a writing subscribed by the person declaring the same.
“2. A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.
"3. A contract to devise real property or establish a trust of real property, or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent.
"4. Nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance.”
In Geraci v Jenrette (41 NY2d 660, supra), this court held that a lease is a contract within the meaning of subdivision 2 of this section, and is therefore void unless signed by the person against whom enforcement is sought.