*1001 OPINION OF THE COURT
Herbert Shapiro, J.
This is an action seeking specific performance of a contract to sell a parcel of real property. In connection therewith the plaintiffs filed a notice of pendency against the subject property.
Defendants now move for an order pursuant to CPLR 6515 canceling the notice of pendency. Plaintiffs cross-move for summary judgment directing the specific performance of the alleged agreement to sell. Defendants oppose the plaintiffs’ application for summary judgment and request that summary judgment be granted in their favor.
It is undisputed that the alleged contract to sell was never delivered to the plaintiffs. Plaintiffs assert, however, and it is not controverted, that the "contract” was executed by the defendants and given to defendants’ attorneys. They claim, however, that the attorneys were instructed not to deliver it to the plaintiffs. No delivery was ever made and subsequently the signatures of the defendants were physically torn from the "contract”.
The legal question presented by the undisputed facts is whether delivery of the "contract” is an essential element of an agreement to sell real property as it is with respect to the transfer of title to a leasing of real property (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 511 and cases cited). If delivery is an essential element then, on the facts disclosed, the plaintiffs would appear to have no cause of action. On the other hand, if delivery is not an essential element of a binding agreement to sell, it remains to be determined whether in all the circumstances, there is a triable issue as to the existence of such an agreement.
While the precise question here presented appears to be one of novel impression, both sides in this action rely upon 219 Broadway Corp. v Alexander’s, Inc. (supra), as being supportive of their position. While that case does not involve an executory contract to sell realty as here, a study of that case, however, causes this court to conclude that it tends to support the plaintiffs’ contention that delivery is not essential. In 219 Broadway Corp. v Alexander’s, Inc. (supra), the issue specifically presented was whether a complaint which alleges a breach of a written lease, where nondelivery thereof is conceded, states a good cause of action. The Court of Appeals per *1002 Jasen, J., concluded that absent delivery, no cause of action could be made out.
We here, however, are not dealing with an undelivered lease. We are concerned with an executory contract — a contract to sell a parcel of real property. True it is that the Court of Appeals in 219 Broadway did not directly treat with a contract to sell realty. It is also true that the court stated that it was not passing on the question of whether the complaint there would be dismissed if the contract involved were an executory one to enter into a lease. However, the thrust of the court’s opinion seems directed to the proposition that "delivery” is only required where a legal interest in real property is being conveyed.
Support for this conclusion is also to be found in Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, N. Y. (59 AD2d 732). While the opinion in that case does not specifically treat with the question of "delivery” it does, by implication, appear to sustain the position that delivery of the "contract” is not an essential element of a binding agreement to sell real property.
Having concluded that an absence of delivery is not fatal to plaintiffs’ cause, it must now be determined whether there are nonetheless triable issues as to whether an agreement to sell was ever made.
As indicated, there is no dispute as to the fact that the defendants at one point did execute the contract of sale. However, the mere execution of the document does not in and of itself mandate a finding that the parties by that execution assented to its terms and had the intention to be bound thereby. In determining whether there was the requisite intent we must look to the objective manifestation of intent in the surrounding circumstances (Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399). The papers submitted on this motion do not permit such a determination to be made at this stage of the proceedings. The affidavits submitted raise a triable issue as to whether they intended to be bound when they executed the "contract”.
The motion that seeks to cancel the notice of pendency is denied. The argument that it should be canceled because the complaint is insufficient falls in the light of the conclusion reached concerning the effect of the absence of a delivery. Nor is there any other valid reason offered as to why the notice of pendency should be removed at this point. The argument that *1003 there should be a cancellation because plaintiffs have asked, in the alternative, for money damages is without merit. The subject matter of this action appears to be a unique parcel of real property which the defendants should not be free to convey away during the pendency of this lawsuit.