OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff seeks specific performance of a contract for the sale of real property. The proceeding was tried before this court without a jury.
Defendant, a nonprofit organization of Czechoslovak fraternal lodges, is the owner of buildings located at 321 East 73rd Street and 334 East 74th Street. Plaintiff, a theatrical organization, is defendant’s tenant, operating a theatre at the 73rd Street property.
In 1979, the parties entered into negotiations for the renewal of defendant’s lease. Because of need for expansion, plaintiff was interested in leasing the large theatre and the adjoining 74th Street property. However, the negotiations soon moved in the direction of a purchase by plaintiff rather than a lease.
Defendant authorized its president, Henry Yochman (Yochman), to appoint a committee to conduct negotiations and to report back with recommendations. Plaintiff ap *1095 pointed its own representatives, including its attorneys, to conduct negotiations on its behalf.
The parties quickly agreed to a sales price of $1.6 million. However, other terms relevant to the proposed sale required further negotiations which continued for nearly two years. Chief among the areas of dispute was defendant’s desire to use two rooms in the buildings in perpetuity for meetings of its organization.
The attorneys for both parties were primarily involved during the final year of negotiations (1980-1981). There were detailed drafts in an attempt to satisfy defendant that it would have the use of the two rooms even if the buildings were destroyed. Language was worked out guaranteeing defendant use of the two rooms “as long as the buildings located at the premises shall stand and if the buildings are restored following their destruction by fire or other casualty”.
While the negotiations continued, a faction of defendant’s organization opposed to the sale instituted a lawsuit in Supreme Court seeking an injunction. That action (the Czech Free School suit), instituted in April, 1981, is still pending. In recognition of the problems inherent in that suit, the parties provided in the proposed contract the following: “The parties hereto understand and agree that the consummation of the sale contemplated by this Agreement is conditioned upon there being a final determination in [The Czech Free School Suit] which does not prohibit conveyance of the premises in accordance with the terms of this Agreement.”
On June 12,1981, the contract was signed by an authorized representative of plaintiff and a check for $5,000 was delivered to defendant’s attorney as a deposit together with the contract. While the parties dispute whether there was an understanding that Yochman was to sign the contract the following day, the court finds that there was indeed such an understanding.
Yochman signed the contract the following day, June 13. Yochman, however, claims that he signed without reading it and then only on the understanding between him and his attorney that it would not be delivered without Yochman’s permission. Yochman further claims that his authority to *1096 sell the buildings was revoked at the June 13 meeting. The court finds, however, that his authority was not revoked at the June 13 meeting and that his authority to sign was unimpaired at the time of the execution.
On June 25, 1981, defendant’s attorney contacted plaintiff’s attorney and informed her that the deal was off. After further attempts to negotiate failed, the deposit was returned to plaintiff.
Defendant never delivered the executed contract to plaintiff.
It has long been held that conveyances of interests in land required delivery. (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506.) There, the parties reached agreement on the terms of a lease. The lessee signed the lease and forwarded it to the lessor who then executed it but never made delivery.
The court held the lease ineffective and noted the importance of delivery (supra, p 512): “By requiring delivery, the law facilitates the true expectations of the parties by ensuring that the interest in the property is not conveyed until that moment when the parties so intend.”
Plaintiff seeks to distinguish 219 Broadway (supra) by noting that a lease is primarily a conveyance while the instrument here is a contract to convey with the conveyance occurring only when title passes. Its contention finds support in Balsam v Axelrod (102 Misc 2d 1000), where the court refused to extend 219 Broadway’s requirement of delivery to contracts to sell real property.
This court declines to follow the distinction made in Balsam. The purpose of the delivery rule is to show “an unequivocal intent that the interest intended to be conveyed is, in fact, being conveyed. The mere signing of the instrument by parties not in the presence of each other, without more, does not evince such intent.” (219 Broadway Corp. v Alexander’s, Inc., supra, p 512.) It is certainly as important to demonstrate intent when a fee simple is conveyed as when the conveyance is a leasehold interest. The rule argued by plaintiff and accepted in Balsam would result in the incongruity of a higher evidentiary standard to demonstrate intent for the transfer of a leasehold inter *1097 est rather than the transfer of a fee which is the transfer of the entire interest of the grantor without reversion.
A contract to sell real property is not binding absent delivery. (See Farago v Burke, 262 NY 229.) There, the parties met at the seller’s attorney’s office where the contract for the sale of the Van Cortlandt estate was drawn up and signed by the seller. The purchaser approved the contract but failed to sign it, and asked instead if he could have a copy of the contract reviewed by his attorney. The buyer agreed to return the following week to exchange contracts. Before he did so, the seller changed his mind. Although the court noted that the seller would have been obligated had the buyer signified his acceptance or consent prior to the seller’s withdrawal of the offer, it held there was no contract. Similarly, there was no contract here, notwithstanding that plaintiff would have been obligated under the contract if defendant manifested its intent to be bound prior to plaintiff withdrawing its offer to purchase. The absence of delivery, even if not an absolute requirement, is conclusive evidence here that defendant did not intend to be bound.
Failure to deliver which conclusively evidenced a lack of intent to be bound aside, there was no contract because of the failure to satisfy an express condition precedent. The Czech Free School suit was still pending at the time of trial and the contract expressly conditioned sale upon the final determination of that action.
Section 511 of the Not-For-Profit Corporation Law compels the court to void the agreement even if there was a valid contract. That section requires court approval where a not-for-profit corporation wishes to sell substantially all of its assets. In determining whether to grant approval, the court must apply a two-prong test. First, it must determine that the terms and consideration are not unwise. Second, it must find that the sale will benefit the corporation or promote the best interest of its members. (Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, 76 AD2d 712, affd 54 NY2d 742.) In applying the second prong, the court (p 717) “should be guided primarily by whether those ends would be realized in light of conditions prevailing at the time the issue is presented to the court”.
*1098 Here, the court determines that the proposed sale at the present time will not benefit the corporation or promote the best interests of its members. Most members now oppose the sale. There was no showing at trial of any relationship of purchase price to the then market value of the properties and no demonstration of an agreed plan to carry on defendant’s fraternal and cultural activities at another location. There is no proof that the sale is in defendant’s best interests at this time.
Judgment for defendant.