**In re REXERIC, INC., Debtor.**

**Bankruptcy No. 81–00622.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 9, 1984.

Gerald Fujita, Honolulu, Hawaii, for trustee.

Paul Maki, Honolulu, Hawaii, for Mouse Builders.

David L. Irons, Honolulu, Hawaii, for Waikiki Marketplace.

## MEMORANDUM AND DECISION RE: MOTION TO DETERMINE SECURED STATUS OF MOUSE BUILDERS, INC.

JON J. CHINEN, Bankruptcy Judge.

This matter comes before the Court on a motion by Waikiki Marketplace Investment Company, (hereinafter, "Waikiki Marketplace") to determine the secured status of Mouse Builders, Inc., (hereinafter "Mouse Builders") and Waikiki Marketplace's claim for post-petition administrative rent between May 1, 1982 and August 16, 1982. Hearings on the matter were held on September 24, 1982, October 29, 1982 and December 27, 1982, with Waikiki Marketplace being represented by David L. Irons, Esq. and Ke-Ching Ning, Honolulu, Hawaii, and Mouse Builders represented by Paul Maki, Esq. Having fully reviewed the testimony of witnesses, the documents on file and the exhibits submitted, the Court hereby makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On October 26, 1981, Rexeric, Inc. (hereinafter "Debtor"), filed a Petition for Relief under Chapter 11 with the United States Bankruptcy Court for the District of Hawaii.

2. On November 6, 1981, Waikiki Marketplace, as lessor of Debtor, filed an Application to Require Debtor to Assume or Reject Unexpired Lease. Debtor assumed the lease on December 21, 1981.

3. On January 18, 1982, upon Debtor's request, the case was converted from Chapter 11 to Chapter 7, with Ralph Aoki being appointed Trustee.

4. On January 27, 1982, this Court confirmed a sale of the lease by the Trustee to Antonio's Holding Company (hereinafter Antonio's). The Order Confirming Sale of Bankrupt's Leasehold Interest in Real Property was filed on January 27, 1982.

5. Under the Court's Order, the proceeds of the sale were to be distributed first to Waikiki Marketplace for arrearages in back rent, then for taxes and real estate commissions, and thereafter to secured creditors. Any surplus was then to be distributed for administrative expenses and finally to general unsecured creditors.

6. The Order confirming the sale stated that, Mouse Builders held a Mechanic's and Materialmen's lien against the leasehold property in the amount of $58,448.74. So that the Order confirming the sale of the debtor's leasehold interest to Antonio's could be effectuated, Mouse Builders entered into a Settlement Agreement and Release with Waikiki Marketplace to dismiss its mechanic's and materialmen's lien against the property. Mouse Builders also negotiated with the Trustee for release of Mouse Builders' mechanic's and materialmen's lien. As consideration for release of Mouse Builders' lien, the Trustee agreed to grant Mouse Builders a secured position in all of the assets of Debtor's estate. This agreement, however, was never memorialized in writing, nor approved by the bankruptcy court or by Waikiki Marketplace.

7. On January 22, 1982, the Trustee and Antonio's executed an Agreement of Sale covering the leasehold premises. On this same date, the parties executed an Assignment of Restaurant Rental Agreement, (hereinafter "Assignment"), in favor of Antonio's. This Assignment, however, was never delivered by the Trustee to Antonio's.

8. Under paragraph 18 of the Agreement of Sale, the Trustee was to hold the Assignment until payment in full by Antonio's. Waikiki Marketplace approved the Assignment on January 29, 1982 by executing a Consent to the Assignment.

9. Waikiki Marketplace was unaware of the Agreement of Sale at the time it consented to the Assignment. It was not until May 27, 1982, when it brought a summary possession action against Antonio's for failure to pay rent, that Waikiki Marketplace learned of the Agreement of Sale between the Trustee and Antonio's. When Antonio's defaulted on the rent payments for May, 1982, the Trustee re-took possession and control of the leasehold premises pursuant to the Agreement of Sale.

10. On June 8, 1982, Waikiki Marketplace filed a Motion for Return of Possession and Determination of Rights of (the Parties in the) Leasehold. A hearing on the motion resulted in the issuance of an order setting a deadline for the Trustee to produce or obtain an enforceable DROA and to pay $8,000.00 in back rent by August 16, 1982, or termination of the lease would be ordered. From June through mid August, 1982, the Trustee tried unsuccessfully to obtain a buyer for the lease. The Trustee retained possession and control over the leasehold property until August 16, 1982, when this court ordered the Trustee to abandon title and return possession of the premises to the lessor, Waikiki Marketplace.

11. On September 14, 1983, Waikiki Marketplace filed the present motion to determine whether Mouse Builders is a secured creditor and whether Waikiki Marketplace is entitled to administrative rent from May 1, 1982 to August 16, 1982.

## CONCLUSIONS OF LAW

### A. Waikiki Marketplace's Right to Administrative Rent

Relying upon 11 U.S.C. § 365(k), Mouse Builders takes the position that Waikiki Marketplace is not entitled to postpetition administrative rent which accrued between May 1, 1982 and August 16, 1982, because of the Assignment to Antonio's.

Section 365(k) of the Code provides,

Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.

Section 365(k) does not control the instant matter because the Assignment executed between the Trustee and Antonio's was never delivered to Antonio's. Before a written assignment becomes binding or effective, delivery of the instrument must be made to the assignee. *Scroggins v. Roper,* 548 S.W.2d 779 (Tex.Civ.App.—Tyler 1977, *writ ref'd n.r.e.*). The mere signing of the assignment, without more, is not sufficient to convey the Debtor's leasehold interest to Antonio's. *219 Broadway Corp. v. Alexander's, Inc.,* 414 N.Y.S.2d 889, 46 N.Y.2d 506, 387 N.E.2d 1205 (1979).

Mouse Builders maintains that the Agreement of Sale was "nothing more than a document giving the Trustee a security interest in the leasehold premises." It argues that "Waikiki Marketplace has not, and will not suffer any prejudice resulting from this Court's conclusion that the document entitled 'agreement of sale' is merely a security device, comparable to a mortgage."

Although the Agreement of Sale is to assure payment, it is not the same as a mortgage. *In Re Anderson,* 36 B.R. 120 (Bankr.D.Haw.1983).

Moreover, in the instant case, after default, on the part of Antonio's, the Trustee repossessed the premises. He changed the locks on the doors and assumed possession and control over the restaurant. The Trustee had full control and use of the leased premises from May 1, 1982, until August 16, 1982, when this Court ordered the return of the premises to Waikiki Marketplace.

Waikiki Marketplace is thus entitled to administrative rent during the occupancy by the Trustee, from May 1, 1982 through August 16, 1982. The accrued rent due Waikiki Marketplace, pro rated over the four and a half months that the Trustee occupied the premises, is $64,587.64.

## B. Mouse Builders' Status As a Secured Creditor

■ Although the Court's order confirming the sale of the bankrupt's leasehold interest expressly provided Mouse Builders with a mechanic's and materialmen's lien, Mouse Builders subsequently entered into a settlement and release agreement with Waikiki Marketplace. By this agreement, Mouse Builders relinquished its mechanic's lien against the leasehold property with respect to Waikiki Marketplace. Thus, Mouse Builders is not a secured creditor with respect to Waikiki Marketplace.

■ Nor is Mouse Builders a secured party with respect to the Debtor's leasehold interest in the property. The agreement between the Trustee and Mouse Builders, granting the latter a secured position in all of the assets in Debtor's estate in exchange for its surrender of the mechanic's and materialmen's lien, was never reduced to writing, filed with any court or registered with the Bureau of Conveyances. The agreement is therefore not enforceable. The Trustee could not confer to Mouse Builders a secured position against the Debtor's estate without first obtaining the approval of the Bankruptcy Court. Not only did the Trustee fail to obtain the Court's authorization to grant Mouse Builders' a secured position, but it also failed to obtain the approval of Waikiki Marketplace.

Mouse Builders does not argue that its secured status is based on the existence of a valid and enforceable mechanic's lien but rather on the agreement with the Trustee. However, because that agreement is null and void, Mouse Builders could only acquire a secured position against Debtor's leasehold interest through an enforceable mechanic's and materialmen's lien. When Debtor's interest in the leasehold was terminated by order of this Court on August 16, 1982, Mouse Builders' mechanic's and materialmen's lien was likewise terminated.

Based on the foregoing, the Court finds that Mouse Builders, is not a secured party with respect to either Debtor's leasehold interest or Debtor's estate.