OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant moves to dismiss the causes of action in the complaint upon the grounds that the complaint fails to state a cause of action (CPLR 321Í [a] [7]), and that the court lacks jurisdiction over the subject matter of this action. Plaintiff cross-moves for summary judgment.
Plaintiff, a cooperative corporation and owner of a high-rise residential apartment building at 290 West End Avenue, New York, New York, commenced this action, under RPAPL article 6, against defendants shareholders owning shares of stock in plaintiff corporation, and the proprietary lessees of apartments at the premises. It seeks recovery of possession of the apartment (ejectment) based upon a claimed breach of the provision of the lease requiring payment of maintenance charges and assessments, an injunction directing defendants to surrender to plaintiff the proprietary lease and stock certificate, money judgments representing maintenance and additional rent, a judgment for *177 the reasonable use and occupancy of the premises and attorneys’ fees, costs and disbursements.
Plaintiff instituted this action after defendants allegedly became delinquent in their payment of monthly maintenance assessments and additional rent, and after it issued defendants a notice of termination following the expiration of a 10-day cure period as provided for in an earlier notice served upon defendants. The notices were required under that portion of the parties’ leases which granted plaintiff the right to recover possession of the premises in the event defendants were in default for a period of one month in the payment of rent or additional rent.
Defendants urge that the complaint fails to state a cause of action because plaintiff has failed to plead its compliance with the statutory warranty of habitability (Real Property Law § 235-b). Contrary to plaintiff’s argument, cooperative corporations are required to comply with the warranty of habitability (Suarez v Rivercross Tenants’ Corp., 107 Misc 2d 135 [App Term, 1st Dept 1981]; see also, City of New York v Rodriguez, 117 Misc 2d 986 [App Term, 1st Dept 1983]; Note, Survey of New York Practice, 55 St. John’s L Rev 773, 800). Nonetheless, plaintiff’s failure to plead compliance with the warranty of habitability does not render the complaint defective. RPAPL article 6, which governs action for ejectment, does not require that the complaint contain an assertion of compliance with the warranty of habitability (see, RPAPL 641). In addition, to the extent that a lease is contractual in nature (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509) and that compliance with the warranty of habitability is a contractual condition precedent for a lessor to regain possession of premises, it is unnecessary for the lessor to plead compliance with the warranty in the complaint (CPLR 3015 [a]).
In support of their contention that this court lacks subject matter jurisdiction over the instant action, defendants cite the recent Court of Appeals case Post v 120 E. End Ave. Corp., 62 NY2d 19). In Post, the plaintiff, a psychiatrist who was a tenant in a cooperative apartment building, instituted an action in Supreme Court seeking injunctive relief and a declaration that the professional use of his apartment did not violate the lease as alleged by the cooperative corporation board. After first obtaining an ex parte temporary restraining order against termination of the lease, the tenant moved for a Yellowstone preliminary injunction (First Natl. Stores v Yellowstone Shopping Center, 21 NY2d 630). Special Term granted the motion and the Appellate *178 Division affirmed. The Court of Appeals, however, reversed the order, determining that RPAPL 753 (4) provides the residential tenant with the protection that Yellowstone is calculated to make available, in other words, the opportunity to cure the alleged default in the event the tenant ultimately loses in a summary holdover proceeding in Civil Court. The court, by its decision, did not limit a landlord’s remedies for recovering possession of real property to the commencement of a summary holdover proceeding. Nor did it limit the Supreme Court’s jurisdiction over actions brought pursuant to RPAPL article 6. A landlord has the right to elect to commence an ejectment action under article 6 rather than a summary proceeding under article 7, and to bring that action in Supreme Court, the court of general jurisdiction (NY Const, art VI, § 7 [c]).
In relation to plaintiff’s cross motion, summary judgment is premature insofar as issue has not yet been joined (see, CPLR 3212 [a]; Alro Bldrs. & Contractors v Chicken Koop, 78 AD2d 512).
Accordingly, defendants’ motion to dismiss the complaint is denied. Plaintiff’s cross motion for summary judgment is denied without prejudice to renewal following joinder of issue.