■ ANTHONY CARBILLANO, Appellant, v JULIA ROSS et al., Respondents. — In an automobile negligence action to recover damages for personal injuries, plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Slifkin, J.), dated April 20, 1983, which granted defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and (2) as limited by his brief, from so much of an order of the same court, dated June 14, 1983, as, upon renewal, adhered to its original determination.

Appeal from the order dated April 20, 1983 dismissed as academic, in light of our determination with respect to the order dated June 14, 1983 granting renewal.

Order dated June 14, 1983 reversed, insofar as appealed from, on the law, order dated April 20, 1983 vacated, motion denied, and complaint reinstated.

Plaintiff is awarded one bill of costs.

On October 9, 1980, plaintiff, while driving along the New York State Thruway, was struck in the rear by a vehicle driven by defendant Julia Ross. As a result of the collision, plaintiff claimed to have sustained serious injury as defined in Insurance Law (former) § 671 (4).

Special Term erroneously and prematurely dismissed plaintiff's complaint. Without expressing an opinion as to whether plaintiff will ultimately be able to establish the truth of the allegations pleaded, we find that a cause of action was sufficiently stated. On a motion to dismiss for insufficiency, it is not the function of the court to evaluate the merits of a case (see, 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509; People v Penn Cent. Co., 33 AD2d 860). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.