■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDDIE E. SANCHEZ, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment unanimously modified, on the law, by reinstating that portion of the petition which alleges that the committee imposed an additional penalty upon petitioner for requesting a superintendent's hearing and, as modified, affirmed. Memorandum: Petitioner's allegation that an additional seven-day "keep-lock" restriction was imposed upon him for requesting to have a superintendent's proceeding was not rebutted as the petition was dismissed prior to respondent's submitting an answer. 7 NYCRR 250.2 (f), which was in effect in December 1982, provided that "(d)isciplinary action must never be arbitrary or capricious, or administered for the purpose of retaliation or revenge." That regulation prohibits imposition of a penalty for petitioner's request for a superintendent's hearing and, therefore, that allegation of the petition states a cause of action. The allegations of the unanswered petition must be deemed true (see, 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509) and that particular allegation should not have been dismissed before respondent submitted an answer. The remaining allegations of the petition were properly dismissed. It is clear on the face of the petition that the proceedings in this case were conducted in accordance with applicable regulations and there is no merit to petitioner's claim of irregularity. (Appeal from judgment of Supreme Court, Wyoming County, Kane, J.—art 78.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.