■ DENNIS APREA, Respondent-Appellant, v BERNARD G. SAVAGE et al., Appellants-Respondents. [752 NYS2d 554] —In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated July 13, 2001, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the statute of limitations, and to dismiss the complaint insofar as asserted against the defendant Eloise Savage pursuant to CPLR 3211 (a) (7), and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the third and sixth causes of action asserted in the complaint, on the eighth affirmative

defense asserted in his verified reply to counterclaims, and to dismiss the first counterclaim asserted by the defendant Bernard Savage.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Eloise Savage did not establish entitlement to dismissal of the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7) (*see Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318; 219 *Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509).

The Supreme Court properly denied the plaintiff's cross motion for summary judgment since he failed to sustain his initial burden of demonstrating the absence of a triable issue of fact (*see* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The defendants' remaining contention is without merit. Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.