■ The People of the State of New York, Respondent, v Nikkolaz Van Honand, Also Known as Admir Hoornaert, Appellant. [857 NYS2d 517]—Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered on or about February 10, 2005, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.

■ Wooster 76, LLC, Respondent, v David Ghatanfard et al., Appellants. [857 NYS2d 106]—Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about June 25, 2007, which granted, in part, plaintiff's motion for summary judgment and denied defendants' motion for summary judgment, unanimously affirmed, with costs.

An issue of fact as to whether there was delivery of a fully executed lease is raised by, inter alia, defendants' signed assignment of lease and their letter attempting to cancel the lease (cf. *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 511-512 [1979]). The motion court correctly determined that if the lease is ultimately determined to have been effective, the individual defendant would, at a minimum, be liable under the guaranty for rent and additional rent accruing to the time that plaintiff received the notice of termination. The counterclaim for fraud was properly dismissed on the ground that information regarding the alleged misrepresentation could have been ascertained by available means including examination of public records (see *Fiorilla v County of Putnam*, 1 AD3d 475, 476 [2003]). There was no evidence of a modification extending the time for cancelling the lease. We have considered defendants' other arguments and find them without merit. Concur—Mazzarelli, J.P., Friedman, Sweeny and Moskowitz, JJ.