■ Wooster 76 LLC, Respondent-Appellant, v David Ghatanfard et al., Appellants-Respondents. [892 NYS2d 310]—

In this commercial landlord-tenant action, plaintiff's delivery of the lease was established by, inter alia, defendants' assignment of the lease and their letters attempting to cancel it (*see*

51 AD3d 428 [2008]), as well as plaintiff's deposit of the security deposit, delivery of a key to the premises, provision of the lease to defendants' liquor license counsel, invoicing of defendants and rejection of their attempt to cancel the lease. The foregoing acts and words manifested the intent to convey the interest in the leased premises (*see 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512 [1979]).

The court's finding that Ghatanfard's obligations under the guaranty ended three months after plaintiff's receipt of the notice of termination was consistent with the court's prior ruling (*see* 51 AD3d at 428), as conceded by defendants at trial. Moreover, the guaranty's clear language provided that any termination would not be effective until three months after plaintiff's receipt of the termination notice. To interpret the guaranty otherwise would render the provision delaying the effective date of termination meaningless, in contravention of rules of contractual construction (*see RM 14 FK Corp. v Bank One Trust Co., N.A.*, 37 AD3d 272, 274 [2007]; *Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64, 69 [1999]). In finding that plaintiff failed to establish that it did not receive the termination notice on December 3, 2003, the trial court credited the testimony of defendants' counsel as to service and appropriately found that plaintiff's forensic expert's testimony that it was "highly probable" the document was created on a later date was insufficient to meet its burden.

Furthermore, the lease provided plaintiff with the authority to "use, apply or retain the whole or any part of the security [deposit] to the extent required for the payment of any rent and additional rent." Accordingly, nothing prevented plaintiff from applying the security deposit to the arrears, but the interest on the arrears should not have been calculated prior to the application of a credit for the security deposit. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.