## Park Towers S. Co., LLC v Bright Kids NYC Inc.

2025 NY Slip Op 30451(U)

January 31, 2025

Supreme Court, New York County

Docket Number: Index No. 155604/2017

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NICHOLAS W. MOYNE**              PART              41M

*Justice*

-----------------------------------------------------------------X

PARK TOWERS SOUTH COMPANY, LLC,

INDEX NO.              155604/2017

Plaintiff,

MOTION DATE              06/26/2024

- v -

MOTION SEQ. NO.              003

BRIGHT KIDS NYC INC.,BIGE DORUK

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71

were read on this motion to/for              AMEND CAPTION/PLEADINGS              .

Upon the foregoing documents, it is

In Motion Sequence 003 and following the trial held in this matter on June 3-5, 2024, the Plaintiff, Park Towers South Company, LLC, now seeks to now amend the complaint, pursuant to CPLR § 3025 (c), to add a claim for holdover rent. For the reasons set forth below, the motion is denied.

As the trial transcripts accurately detail the facts and arguments presented at trial, the facts will be briefly summarized herein. Plaintiff, as landlord, entered into a lease agreement with Defendant, Bright Kids NYC Inc. ("Bright Kids"), as tenant (the "Lease") for a lease term that commenced in June of 2012 and expired on May 31, 2015 (NYSCEF Doc. No. 61). In 2012, a guaranty agreement was executed, listing Defendant Bige Doruk as the guarantor of the Lease (NYSCEF Doc. No. 62). Subsequently, a Lease Modification Agreement was forwarded by Plaintiff to Bright Kids, setting forth a new lease term which extended through May 31, 2018, and set forth a higher rate of rent than was contained in the initial Lease (NYSCEF Doc. No. 63). On June 1, 2015, Bright Kids executed the Modification but, as shown at trial, the Plaintiff failed to execute the Modification until December 28, 2015, at the earliest, if at all. In June 2015, Bright Kids began paying rent at the higher rate set forth under the Modification and at trial, Plaintiff's witnesses testified that Plaintiff duly accepted all of the increased payments made by Bright Kids during the second half of 2015 (NYSCEF Doc. No. 64). According to Plaintiff, Bright Kids left the premises in February 2016 and as of June 2017, the premises were occupied by a new tenant.

In 2017, Plaintiff commenced this action asserting, among other claims, that Bright Kids owed $159,390.00 for unpaid rent for the period of December 2015 through May 31, 2017, less the forfeited security deposit (complaint ¶ 24). Now, upon the

[* 1]

conclusion of trial, Plaintiff seeks to amend its complaint to assert that Bright Kids was a holdover tenant from June 2015 to February 2016 and as a result, is required to pay 200% rent. In support of this claim, Plaintiff relies on Section 32, paragraph (d) of the Lease- a "holdover rent" provision which had not been asserted in the complaint, during discovery, or at trial.

Notably, this action was not commenced as a holdover proceeding, the original complaint makes no references to a holdover or holdover rent for the claimed period. Rather, the entirety of the allegations pertains only to Bright Kids' failure to pay ordinary rent in accordance with the terms of the Modification, for the period of December 2015 through May 2017. In fact, what Plaintiff now hopes to claim is the exact opposite of what was alleged during the course of this litigation. Attempting to now call Bright Kids a holdover tenant is contrary to the Plaintiff's position taken at trial, where Plaintiff's case relied on the existence of a valid lease, that was extended and still in effect, and/or was based on the continuance of the landlord-tenant relationship for the June 2015-February 2016 period.

Furthermore, the real focus of this action was not on Bright Kids as the tenant, which both sides essentially admit is long insolvent, but rather was on the liability of Bige Doruk as the purported guarantor of the lease and the payment obligations due thereunder. Accordingly, the main issues at trial became: (1) was the Lease Modification timely and properly executed and, if so, (2) was the Lease Modification enforceable against the guarantor? Ultimately, the Plaintiff failed to prove at trial that the Lease Modification was properly executed before December 2015, or that the executed Lease Modification was ever delivered to the tenant- Bright Kids.

Notwithstanding, this Court permitted the Plaintiff to make a motion to amend the complaint, but to the extent that any requested relief sought be limited to the tenant and not the guarantor. While it is not clear from the papers and supporting submissions if the Plaintiff did or intended to abide by this directive, the Court will assume that the claim Plaintiff seeks to add applies only to Bright Kids as, for the reasons stated below, the Court does not believe it could ever apply to the guarantor.

In its oral decision on the record, the Court dismissed all claims asserted individually against Doruk, as the guarantor of the Lease, finding that the guaranty had lapsed. "It is well established that a guaranty is to be interpreted in the strictest manner, particularly in favor of a private guarantor, and cannot be altered without the guarantor's consent. In this regard, a guarantor should not be bound beyond the express terms of his guarantee" (*Lo-Ho LLC v Batista*, 62 AD3d 558, 559-560 [1st Dept 2009] [internal citations and quotations omitted]). Here, when interpreting the Lease Modification Agreement in the strictest manner, it is not a modification or extension of the Lease as would permit the plaintiff to recover from the guarantor (*Id.*). The underlying Lease does not expressly include an option to renew or extend its terms, and it therefore expired on the date provided for under its terms: May 31, 2015. Accordingly, the Lease Modification Agreement was signed, at least by Bright Kids and at the earliest, on June 1, 2015- the day after the initial Lease term expired. Therefore, the Lease Modification

155604/2017   PARK TOWERS SOUTH COMPANY, LLC vs. BRIGHT KIDS NYC INC.
Motion No. 003

Page 2 of 5

2 of 5

[* 2]

Agreement is a new lease, at best, and one which the guarantor would not be responsible for.

However, "a leasehold estate cannot be conveyed without a legal delivery of the fully executed lease to the lessee" (*Walber 82 St. Assoc., LP v Fisher*, 217 AD3d 469, 470 [1st Dept 2023], relying on *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512 [1979] ["Since plaintiff did not allege a delivery of the lease--indeed, it alleged non-delivery--it may not now be heard to seek enforcement of a written lease which, as a matter of law, never became effective"]). Section 67, paragraph (c) of the Lease expressly provides that, "[i]t is understood and agreed that this Lease is submitted to Tenant for signature with the understanding that it shall not bind Landlord or Tenant until duly executed by both Landlord and Tenant and delivery is made." Additionally, paragraph 8 of the Lease Modification Agreement states, "[e]xcept as modified herein, the lease and all of the terms, covenants, conditions and obligations therein contained shall continue in full force and effect and are hereby ratified and confirmed."

Therefore, by incorporating the terms of the prior Lease, the Lease Modification Agreement also provides that the agreement is not binding until it is duly executed by both landlord and tenant and delivery is made. At trial, it was demonstrated that Plaintiff, as landlord, failed to execute the Modification Agreement until December of 2015 at the earliest, and many months after the tenant had signed. Further, it was not demonstrated at trial that this fully executed Lease Modification Agreement was ever delivered to the tenant. Considering that the Lease had lapsed, and the Modification Agreement was not binding during this period, the tenant was then a holdover tenant from the date of June 1, 2015, until they vacated the premises in February of 2016. Accordingly, the guaranty agreement, with Doruk personally guaranteeing the Lease, had also lapsed. Therefore, Doruk, as the guarantor, cannot be held personally liable for any of the tenant's obligations regarding the premises which accrued after May 31, 2015.[1]

"Under CPLR 3025, a party may amend a pleading 'at any time by leave of court' (CPLR 3025 [b]), 'before or after judgment to conform [the pleading] to the evidence' (CPLR 3025 [c])" (*Kimso Apartments, LLC v Gandhi*, 24 NY3d 403, 411 [2014]). "[W]here, as here, a proposed amended complaint contains an untimely claim against a defendant who is already a party to the litigation, the relevant considerations are simply (1) whether the original complaint gave the defendant notice of the transactions or occurrences at issue and (2) whether there would be undue prejudice to the defendant if the amendment and relation back are permitted" (*O'Halloran v Metro. Transp. Auth.*, 154 AD3d 83, 87 [1st Dept 2017]). Plaintiff has failed on both points.

Defendants first argue that the motion to amend the complaint must be denied because Plaintiff seeks to add an entirely new claim of breach of contract which is time barred by the statute of limitations. Defendants assert that this breach of contract claim

---

[1] There were other findings not relevant here, including that the landlord had failed to properly mitigate damages and had unclean hands by performing all manner of expensive renovations that were not necessary to re-let the premises and attempting to pass those inflated costs on to the defendants.

155604/2017  PARK TOWERS SOUTH COMPANY, LLC vs. BRIGHT KIDS NYC INC.          Page 3 of 5
Motion No. 003

[* 3]                                    3 of 5

is premised on an alleged breach which took place ten years ago- which is therefore beyond the applicable six-year statute of limitations (see CPLR § 213).

Defendants also assert that the proposed amendment does not relate back to the allegations in the original complaint and therefore cannot be deemed to have been raised for limitations purposes. CPLR § 203 (f) is a codification of the relation back doctrine with the provision governing the method of computing the limitations period and/or determining the timeliness of a claim in an amended pleading (see O'Halloran v Metro. Transp. Auth., 154 AD3d 83, 86 [1st Dept 2017]). "Application of the relation back doctrine allows a plaintiff to 'correct a pleading error—by adding either a new claim or a new party—after the statutory limitations period has expired'" (Ramirez v Elias-Tejada, 168 AD3d 401, 403 [1st Dept 2019] [internal citations omitted]). Under CPLR § 203 (f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Defendants contend that the Plaintiff's original complaint failed to give notice that Plaintiff would assert a claim to recover holdover rent.

To determine whether a Defendant has been properly put on notice as to the nature of the new claims, the court is restricted to looking solely to "the four corners of the original pleading to determine whether defendant was on notice" (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 51 [2022]). Therefore, upon review of the four corners of the Plaintiff's original complaint, it could not possibly have given Defendants notice that the Plaintiff would attempt to assert at trial that Bright Kids was a holdover tenant or could be held liable for the increased holdover rent provided for in the original Lease. The complaint specifically rests on allegations that the Modification Agreement was valid and binding and does not contain any reference to holdover rent or to the holdover provision the Plaintiffs now seek to rely on. The original complaint only includes allegations that during the period from December 2015 through May 2017, the Defendants failed to pay normal rent under the purported Lease Modification. Considering, the complaint did not put the Defendants on notice that the Plaintiffs would then assert a diametrically opposite claim at trial.

The case of 34-06 73, LLC is on point here. In that case, the Plaintiff pled a contract claim which required the Plaintiff asserting that the subject contract was binding, and all conditions precedent and subsequent to the terms had been complied with (39 NY3d at 52-53). After which, the Plaintiff then moved to amend the complaint to assert a claim for reformation, which required showing that the written contract did not comport with the parties' true agreement (Id., at 51). The Court of Appeals held that the Plaintiff's complaint in that case failed to give Defendant notice of the transactions or occurrences as to a reformation claim, because by the Plaintiff asserting total compliance with the conditions under the terms of the contract, Plaintiff necessarily disclaimed any challenge to said terms (Id. at 52-53). Similarly to 34-06 73, LLC, by Plaintiff asserting in the original complaint that there was a valid and binding Modification Agreement under which Bright Kids was liable for normal rent charges, for the purposes of amending the pleadings, Plaintiff essentially disclaimed a claim based

155604/2017   PARK TOWERS SOUTH COMPANY, LLC vs. BRIGHT KIDS NYC INC.
Motion No. 003

Page 4 of 5

4 of 5

[* 4]

on the Modification Agreement being invalid and under a holdover theory. Accordingly, after determining at trial the Lease Modification was never properly executed, it was found that the Plaintiff was only entitled to rent due pursuant to a month-to-month tenancy and which Bright Kids paid.

Further, allowing the Plaintiff to amend its complaint at this juncture in order to assert a claim for holdover rent and penalties under the Lease would be both patently unfair and prejudicial to the tenant and the guarantor. As correctly pointed out by Defendants, it was the Plaintiff's own failure to countersign and deliver the Modification Agreement which dooms any claims for unpaid rent once the tenant had moved out. As has been previously stated, Bright Kids signed the Lease Modification in a timely fashion and then returned it to the Plaintiff for execution. After which, Plaintiff failed to execute the Lease Modification within the requisite time frame and thus, the tenant became a month-to-month tenant. Nevertheless, Plaintiff proceeded to litigation, not on a holdover theory, but on the basis that, because of a purported extension of the Lease period due to the Lease Modification, Bright Kids still owed rent after it vacated the premises.

Accordingly, it is hereby

ORDERED that the Plaintiff's motion to amend is DENIED in its entirety.

This constitutes the decision and order of the court.

| 1/31/2025 | | | | |
|---|---|---|---|---|
| DATE | | | NICHOLAS W. MOYNE, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |