## Cross Bronx Preserv. LLC v Delgado

2025 NY Slip Op 31036(U)

March 24, 2025

Civil Court of the City of New York, Bronx County

Docket Number: L&T Index No. 337942/23

Judge: Elizabeth Donoghue

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

-1-

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART S
----------------------------------------------------------------X
CROSS BRONX PRESERVATION LLC,

                                                                    L&T Index No. 337942/23

                                    Petitioner,

            -against-                                    **DECISION/ORDER**

ONEIKAH DELGADO,

                                    Respondent.
----------------------------------------------------------------X
Present:
Hon. <u>ELIZABETH DONOGHUE</u>
            Judge, Housing Court


Recitation, as required by CPLR 2219(a), of the papers considered in the review of Respondent's
Motion to Dismiss:

| **Papers** | **Numbered** |
|---|---|
| Order to Show Cause, Memorandum, Affirmations.........NYSCEF Doc. 9-12 | |
| Respondent's Exhibits........................................ NYSCEF Doc. 13-20 | |
| Answering Affidavit ........................................... NYSCEF Doc. 28 | |
| Petitioner's Exhibits........................................... NYSCEF Doc. 29-31 | |
| Respondent's Reply............................................ NYSCEF Doc. 33-34 | |
| Respondent's Reply Exhibits............................... NYSCEF Doc. 35-41 | |


After hearing and upon the foregoing cited papers, the decision and order on Respondents' order
to show cause is as follows:

This nonpayment eviction proceeding was commenced by the filing of the Petition and

Notice of Petition on September 13, 2023, against Respondent Oneikah Delgado ("Respondent),

seeking $29,232.00 for the period August 2020 to July 2023. According to the petition, NYCHA

is the fee owner of the subject premises/building, and as such the premises are exempt from rent

regulation pursuant to the statutory exemption of housing accommodations owned and/or

<span style="color:red">[* 1]</span>

-2-

operated by a public housing authority. Pursuant to a Declaration of Interest and Nominee Agreement dated December 28, 2018, petitioner is the equitable and Beneficial Owner of the Property and thus authorized to maintain the instant proceeding. Petitioner operates the subject building pursuant to that regulatory agreement. The building was converted from public housing (NYCHA) to project-based Section 8 pursuant to NYCHA's Permanent Affordability Commitment Together ("PACT") program. Respondent receives a project-based subsidy administered by NYCHA.

Respondent filed a *pro se* answer on October 24, 2023, which raised no defenses. Respondent later obtained counsel and filed the instant motion to dismiss and leave to file an amended answer.

## LEAVE TO AMEND THE ANSWER

The branch of the motion seeking leave to interpose an amended answer is granted pursuant to CPLR §3025(b), as leave to amend pleading should be freely granted in the absence of undue prejudice, and Petitioner has not cited such prejudice. *See Herrera v. Highgate Hotels, L.P.*, 213 A.D3d 455 (1ˢᵗ Dept 2023). Therefore, the proposed amended answer is deemed served and filed on March 24, 2025, the date of this decision.

## MOTION TO DISMISS

On a motion to dismiss pursuant to CPLR §3211(a)(7), the pleading must be afforded liberal construction. The pleading survives dismissal as long as the facts, as alleged, "fit within any cognizable theory". *Leon v Martinez,* 84NY 2d 83 (1994); *see also Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A.,* 159 AD3d 618 (1ˢᵗ Dept 2018) (citing *219 Broadway Corp. v Alexander's Inc.,* 46 NY 2d 506 (1979) ("On a CPLR §3211(a)(7) motion to dismiss for failure to state a cause of action, the complaint must be construed in the light most

[* 2]

-3-

favorable to the plaintiff and all factual allegations must be accepted as true"); *see also EBC I. Inc. v Goldman Sachs & Co.,* 5 NY 3d 11 (2005) ("whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss").

Respondent's motion to dismiss pursuant to CPLR §3211(a)(7) is based upon two grounds; violation of the CARES Act 30-day predicate notice requirement, rendering the petition fatally defective, and for failure to comply with the notice requirement(s) of the Violence Against Women Act ("VAWA") (34 U.S.C. §12491).

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") established two eviction related requirements: first, (which applied for 120 days beginning on March 27, 2020), the CARES Act created a temporary moratorium against initiating a legal action against a tenant to recover possession for nonpayment of rent; second, (which commenced at the end of the 120 day temporary moratorium with no expiration date), prohibits a landlord from requiring a tenant to vacate a "covered dwelling" without first issuing a 30-day notice to vacate.

Section 4024 (c) of the CARES Act states that the: "lessor of a covered dwelling unit may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate". 15 USC §9058(c)(1). An apartment is subject to the protection of the CARES Act when it is "occupied by a tenant pursuant to a residential lease… and in a covered property… [t]he term "covered property" means any property that participates in a covered housing program (as defined in section 41411(a) of the Violence Against Women Act of 1994 (34 U.S.C. 12491(a)) … or has a Federally backed mortgaged loan; or a Federally backed multifamily mortgage loan". Section 9058(a)(2)(A)(4)(5),

[* 3]

-4-

It is undisputed that respondent and petitioner participate in a Section 8 Housing program administered by NYCHA, a covered program under the statute. Therefore, the subject premises is a "covered property", and this proceeding is subject to the notice provisions of the CARES Act.

The 30-day notice to vacate applies to this nonpayment proceeding, where the petitioner/owner seeks either payment or surrender of the premises. *Andrew Plaza LP v Rodriguez*, LY-310838-23/BX, unpublished (Civ. Ct. Bronx Cty, 8/15/23)), *HP Tyler's Bronx HDFC, Inc. v De La Cruz, et al*, LT-325449-24/BX unpublished (Civ. Ct. Bronx Cty 1/24/25), *2501 Hoffman Properties LLC v Robinson*, LT-308333-23/BX, unpublished (Civ. Ct. Bronx Cty, 12/28/23). Accordingly, dismissal is warranted under CPLR §3211(a)(1) based upon the documentary evidence and under CPLR §3211(a)(7) for failure to state a cause of action because the petition is based upon a non-amendable 14-day rent demand.

## CONCLUSION

To state and maintain a cause of action for nonpayment of rent, the petition must state the facts upon which the proceeding is based. RPAPL §741(4). One of those facts is that a proper rent was made as required by RPAPL §711(2)

The Petitioner's failure to comply with the 30-day notice to vacate renders the rent demand defective. The failure to serve the VAWA notice, and failure to serve a proper predicate notice are fatal defects (*see Chinatown Apartments, Inc v Shu Cho Lam*, 72 AD2d 532,532 [1st Dept 1979], affd, 51 NY2d 786 [1980].) In light of the foregoing, the Respondent's motion is granted, and the petition is dismissed without prejudice.

*This constitutes the Decision and Order of the Court.*

[* 4]

-5-

Dated: Bronx, New York
March 24, 2025

HON. ELIZABETH DONOGHUE
J.H.C.

Hon. Elizabeth Donoghue
Judge, Housing Court